UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A & E AUTO BODY, INC., et al             PLAINTIFFS

VS.                  MDL NO.: 6:14-md-2557

21ST CENTURY CENTENNIAL INSURANCE
  COMPANY, et al              DEFENDANTS

  COME NOW, Plaintiffs in the above-captioned multidistrict litigation, and submit this their reply to Defendants' objection to the relief sought by Document No. 160 and states to the Court the following:

  As set out in the Motion for issuance of two subpoenas, one for GoDaddy.com, LLC, and one for Google, Inc., Plaintiffs across the country received telephone calls soliciting written statements regarding an issue directly in controversy in this litigation, as well as a sham potential customer attempting to lure electronic communication from the Plaintiffs. The circumstances of these contacts are set out in the Motion.

  The Defendants filed a response, containing factual information they should not have if, as they assert in the response, there is no evidence the calls actually occurred. Moreover, <u>the facts set out in the Defendants' pleading establishes conclusively one or more of the Defendants is actually the perpetrator behind the calls.</u>

  The other contents asserted by Defendants have no legal or factual merit. The Defendants do not have standing to object to the subpoenas, the information sought does not violate the Stored Communication Act and the law does not support the remaining arguments.

**I.      DEFENDANTS' PLEADING CONTAINS INFORMATION CONCLUSIVELY ESTABLISHING ONE OR MORE DEFENDANTS' IS RESPONSIBLE FOR THE IMPROPER CONTACT OF PLAINTIFFS**

While none of the Defendants have standing to object to the subpoena sought by Plaintiffs, this is addressed below as the contents of the filed pleading establishes one or more Defendants is responsible for the calls, a point of primary importance.

The objection contains factual details which were not disclosed in Plaintiffs' motion. The Plaintiffs never publicly identified the caller soliciting written statements as "Grant McNeely," only as "Grant." The caller's last name was not disclosed. The Defendants, if they are innocent of making the calls, would not have this information. See copy of Plaintiffs' Motion for Issuance of Subpoena Duces Tecum to Non-Party attached hereto as Exhibit "1" and Defendants' Objection, Document No. 169, pg. 2.

Likewise, Plaintiffs' never disclosed the specific word track of the calls, i.e., "...contacted body shops and encouraged them to send emails regarding whether the shop is "for" or "against" alleged insurer "steering" of policyholders to preferred shops." See Defendants' Objection, Document No. 169, pp. 2-3, and Exhibit "1" hereto.

This language exactly tracks the words used by the caller.[1]  Plaintiffs did not disclose the exact word track of the calls from "Grant" in their motion. The Defendants, if they are innocent of making the calls, would not have this information. See Exhibit "1."

Further, Plaintiffs did not disclose the telephone calls were "robocalls," merely stated the Plaintiffs had been contacted. Defendants clearly have independent knowledge of the manner in

---

[1]Undersigned counsel has audio recordings of the telephone calls, should the Court wish to hear them.

which the calls were made. The Defendants, if they are innocent of making the calls, would not have this information. See Defendants' Objection, Document No. 169, pg. 4, and Exhibit "1" hereto.

The Defendants are in possession of information not included in the filed motion, including the exact wording of the calls made to the Plaintiffs, the manner in which the calls were conducted and the last name of the caller, "Grant." Plaintiffs did not supply this information therefore it must be concluded that one or more Defendant has independent knowledge of the calls.

Therefore Defendants' arguments that Plaintiffs have not established that such calls actually occurred is not only specious, the Defendants objected themselves into an admission of illegal activity, to wit, at least one of them has "insider" knowledge they would not have if they were not responsible for the calls.

In the face of this, Defendants' objection is filed solely for the purpose of attempting to prevent Plaintiffs from obtaining information establishing the guilty party or parties. Such would appear, arguably, to be a violation of Rule 11 of the Federal Rules of Civil Procedure at best, as the pleading contains arguments and assertions of fact which moving Defendants know to be false. At worst, Defendants' actions constitute criminal obstruction of justice under U.S.C. § 1512(b)(3)[2] for submitting a pleading to the Court containing misleading and false assertions of argument and fact with the intent of depriving the Court of information relating to the commission or possible commission of a federal crime. Plaintiffs respectfully submit Defendants' filing and conduct constitutes both.

---

[2] Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
(3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release,, parole, or release pending judicial proceedings;

## II. DEFENDANTS HAVE NO STANDING TO OBJECT TO SUBPOENAS DUCES TECUM

Although the above does render this somewhat moot, Plaintiffs assert none of the Defendants have standing to object to the subpoena.

Standing to challenge a subpoena issued to a third party rests solely on the ability to assert an infringement on a personal right or privilege. *Rice v. ReliaStar Life Ins. Co.*, 2011 U.S. Dist. LEXIS 113773 (M.D. Fla. 2011). See also *SubAir Sys., LLC v. Precisionaire Sys.*, 2008 U.S. Dist. LEXIS 34578, 5-6 (S.D. Fla. 2008)("Generally, a party does not have standing to challenge a subpoena served on another, unless that individual has a personal right or privilege with respect to the subject matter of the subpoena.")

While the Defendants assert various reasons why the subpoena should not issue, none of the Defendants disclose their respective personal right or privilege with respect to the information sought. In the absence of such, each moving Defendant lacks standing to object to issuance of the subpoena.

Should the Court choose, it can order each Defendant to disclose the facts and circumstances constituting each one's respective personal right or privilege to the information GoDaddy.com and Google holds prior to ruling on the motion at issue.

## III. EVEN IF DEFENDANTS HAD STANDING TO OBJECT, THE ARGUMENTS PROVIDED BY DEFENDANTS ARE DEMONSTRABLY FALSE OR WITHOUT LEGAL MERIT

Even if the Court were to assume the Defendants have standing to object, the bases provided are either factually or legally lacking.

1. Proof the calls occurred

Defendants argue the Plaintiffs have provided no proof the calls at issue even occurred. However, as demonstrated above, the moving Defendants have displayed knowledge of facts and the contents of the calls. The Defendants are aware of the manner in which the calls occurred, the exact wording of the solicitation for written statements from Plaintiffs, and the full name of the caller. As Plaintiffs did not disclose this information in their motion, the Defendants clearly have knowledge of the calls an innocent party would not have, most certainly they are aware the calls did occur.

One or more Defendants is clearly very familiar with the calls the Response claims did not occur. As such, Plaintiffs respectfully submit the argument is without factual grounding.

2. Proof of damage/prejudice

Defendants next argue there is no proof any of the Plaintiffs ever responded to the solicitation, or that damage to the Plaintiffs has occurred as a result of the calls. These arguments, as the argument immediately above, is specious.

Since the moving Defendants have "insider" information they cannot have gained from Plaintiff's motion, it must be rationally concluded one or more Defendants is the cause of the calls being made to Plaintiffs.

It is irrelevant whether or not the Plaintiffs' responded to the solicitation, and equally irrelevant whether or not Defendants' obtained information prejudicial to the Plaintiffs as a result of the solicitation. It is the contact which is improper.

Contact with a represented party by counsel for the opposing party is prohibited by the American Bar Association Model Rules of Professional Conduct (Rule 4.2) as well as the equivalent state bar rules of conduct in every state. See state professional rules of conduct list attached hereto

as Exhibit "2."

The various rules do not prohibit only contact which results in prejudice to the party improperly contacted. As the Comments to ABA Rule 4.2 point out, this Rule contributes to the proper functioning of the legal system by protecting a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship and the uncounselled disclosure of information relating to the representation.

The protections offered by the Rules of Professional Conduct are preemptive. They are not limited to situations judged post hoc as not prejudicial to the party contacted. Rule 4.1 of the ABA Rules prohibits counsel from making false or misleading statements <u>or incorporating or affirming the false or misleading statements of another.</u> See Comment 1 to Rule 4.1.

It is of no moment whatsoever that contact was not directly made by defense counsel. Parties and their counsel are prohibited from operating through third parties, as well. See, e.g., *United States v. Sierra Pacific Industries,* 857 F.Supp. 2d 975 (E.D. Cal. 2011).

As it is the contact, not the results of the contact, which are prohibited, Defendants' argument that Plaintiffs failed to show an ill-effect as a result of the improper contact is legally without substance.

    3.    Relevance to ongoing proceedings

The Plaintiffs were contacted by anonymous sources, providing false identification, through fraudulently and criminally "spoofed" means and solicited for written statements regarding an issue directly in controversy in this litigation. The calls were all made after hours, artificially manipulated so that if a Plaintiff responded, they could only do so through email, providing in the first case, a

written statement regarding an issue in controversy, and in the second, direct access to Plaintiffs' computers.

Further, the CNNFollowUp.com telephone calls were made after elaborate effort and expense to set up a sham web site, which is not indicative of a disinterested third party simply seeking to make mischief.

The facts set out in the motion establish the relationship to this litigation. More importantly, the information Defendants have and which they set out in their objection prove the instigator(s) of the calls to Plaintiffs was not made by a disinterested third party but by one or more of the Defendants' themselves. Yet again, the Defendants have objected themselves into an admission of responsibility for the calls and their relationship to this litigation.

**IV. ISSUANCE OF THE SUBPOENAS WILL NOT PREJUDICE THE DEFENDANTS**

Even if the Court disregards the fact that Defendants have no standing to object, and the fact the Defendants' objection contains undisclosed information they should not have regarding the calls to the Plaintiffs if they were not the cause of the calls in the first place, the Defendants have not articulated any reason why any one of them would be harmed by the information sought in the subpoenas.

If, as Defendants suggest, it is merely one or more members of the public, unrelated to any Plaintiff, any Defendant or any aspect of this litigation, responsible for the calls, then Defendants have lost nothing by the disclosure of that information. In other words, Defendants' protest solely for purposes of delay.

**V. INFORMATION SOUGHT BY THE SUBPOENAS DO NOT VIOLATE OR IMPLICATE THE STORED COMMUNICATIONS ACT**

Defendants also argue the information sought is protected from disclosure by the Stored Communications Act, 18 U.S.C. § 2701, et seq. This is a false assertion.

Defendants do not identify which provision of the Stored Communications Act is violated by the subpoenas requested. The Act has numerous parts and subparts. This alone should indicate the argument lacks legal merit. However, in the interest of responding fully, the Plaintiffs set out authority for the requested information.

The Stored Communications Act prohibits the disclosure of the contents of stored electronic communications except under limited circumstances. Plaintiffs have not asked for the contents of any communications. In fact, Plaintiffs have not asked for any communications at all. "These definitions indicate that Congress intended the word "contents" to mean a person's intended message to another (i.e., the "essential part" of the communication, the "meaning conveyed," and the "thing one intends to convey")." *Graf v. Zynga Game Network, Inc. (In re Zynga Privacy Litig.)*, 750 F.3d 1098, 1106 (9th Cir. 2014).

What Plaintiffs' seek via the subpoeas is the records of the accounts for CNNFollowUp.com and TomMaples123@gmail.com. Records <u>are</u> not part of prohibited stored communications. The Stored Communications Act specifically provides <u>for</u> the disclosure of records via supboena. "Specifically, .the Stored Communications Act provides that a covered service provider "may divulge a record or other information pertaining to a . . . customer" but may not divulge "the contents of communications." 18 U.S.C. §§ 2702(c), 2703(c)(1). Customer record information (which can be disclosed under certain circumstances) includes the "name," "address," and "subscriber number or identity" of a subscriber or customer. *Id.* § 2702(c)(2). Accordingly, we conclude that "contents" does not include such record information." *Id.* at 1106.

The subpoenas do not seek any communications at all, but records. In as much as Plaintiffs have not sought the disclosure of communications or the contents of communications and Defendants have failed to identify any communications purportedly requested, the argument regarding the Stored Communications Act is without factual or legal support.

## CONCLUSION

The Defendants' pleading establishes beyond question that one or more Defendant has knowledge of specific facts of the content of the calls made to Plaintiffs. The specific facts were not included in Plaintiffs' motion and can, therefore, only have come from "insider" information. Defendants' protestations on all grounds asserted are therefore without merit, but also forwarded in bad faith, possibly constitutes criminal actions as well as sanctionable conduct for filing pleadings containing averments the filing counsel were aware were false.

The subject matter of the telephone calls, the manner in which they were conducted and the solicitation of written statements by Plaintiffs clearly establish the contacts were initiated as a result of this litigation.

Although it is arguably beyond question one or more Defendants is responsible for the calls, the opposition submitted would still lack all legal and factual support. Defendants have no standing to object, the facts set out in their own pleading contradict their arguments and the Stored Communication Act does not prohibit the information sought.

On all points, the objection lacks merit. It does, however, serve to establish the guilt of one or more Defendants of making improper contact with the Plaintiffs, through manners and methods which not only violate the applicable rules of professional conduct, but also constitute criminal conduct in violation of federal law.

Respectfully submitted, this the 31ST day of March, 2015.

**A & E AUTO BODY, INC., et al.**

BY: /s/ *Allison P. Fry*
JOHN ARTHUR EAVES, JR.
ALLISON P. FRY
WILLIAM R. SEVIER

John Arthur Eaves,
Attorneys at Law
101 N. State Street
Jackson, MS 39201
Telephone: 601.355.7961
Facsimile: 601.355.0530
JohnJr@eaveslaw.com
Allison@eaveslaw.com
Will@eaveslaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Motion for Extension of Time was filed electronically on 31 March, 2015. This filing will be served upon all ECF-registered counsel by operation of the Court's electronic filing system. Parties and counsel may access this filing through the Court's system.

*s/ Allison P. Fry*
Allison P. Fry

JOHN ARTHUR EAVES,
ATTORNEYS AT LAW
101 N. State Street Jackson, MS 39201
601.355.7961 Tel
601.355.0530