UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A & E AUTO BODY, INC., *et al.*,

    Plaintiffs,

v.

21ST CENTURY CENTENNIAL
INSURANCE COMPANY, *et al.*,

    Defendants.

Case No:   6:14-md-2557-Orl-31TBS
ALL CASES

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Issuance of Subpoena *Duces Tecum* to Non-Party (Doc. 160), Defendants' Response to Plaintiffs' Motion for Issuance of Subpoena Duces Tecum to Nonparty (Doc. 169), and Plaintiffs' Reply (Doc. 172). For the reasons that follow, the motion is due to be denied.

Big cases tend to receive media attention, and the cases in this MDL are no exception. In February, CNN ran a report on these cases on the Anderson Cooper 360 Show. See Scott Bronstein & Drew Griffin, Auto Insurers Accused of Pushing Cheap and Sometimes Dangerous Repairs, CNN.com (Feb. 11, 2015), available at http://www.cnn.com/2015/02/11/us/auto-repair-investigation/.[1]  According to Plaintiffs, shortly after the story aired, a number of them were contacted by a person claiming to be from CNN named "Grant McNeely" (Doc. 160, ¶ 1). In each of the calls, "Grant McNeely" left a voice message that CNN had "been getting a lot of mixed reviews from body shops"

---

[1] All of the web pages cited in this order were last visited on April 2, 2015.

since the February 11 story aired and asking whether each shop was "for insurance steering or against it."  (Id., ¶¶ 2-3); see also Mysterious 'AC360' 'CNN Follow-Up' Calls Made to Auto Body Professionals, Repairer Driven News (Feb. 23, 2015), available at http://www.repairerdrivennews.com/2015/02/23/mysterious-anderson-cooper-cnn-follow-up-call-making-rounds-of-auto-body-professionals/.[2]  In each message, the caller asked the shop to call him back and began to give a telephone number, but then stopped and told them to email him instead at the email address Grant@CNNFollowUp.com. Id.

When the repair shops contacted CNN's producers they were told nobody named "Grant" worked for the Anderson Cooper program and that the calls were not authorized by anyone at CNN (Doc. 160, ¶ 5).  Plaintiffs also discovered that the caller used a "spoofed" number.  From publicly available information, Plaintiffs learned that the CNNFollowUp.com domain was registered by Domains by Proxy, LLC, a subsidiary of GoDaddy.com, LLC (Doc. 160, ¶ 6).  However, despite their efforts, they were unable to identify who purchased the domain name or who was responsible for the calls (Id., ¶¶ 4-7).

A few weeks later, several Plaintiffs received another unusual voice message from a "Tom Maple" who called from another spoofed number (Doc. 160, ¶ 13).  This caller left a message that he was visiting town, had a fender bender, and wondered if the body shop could repair the damage before he left (Id.).  The caller recited a phone number, but the number could not be heard over loud background noise (Id., ¶¶ 13-15).  He also left the email address tommaple123@gmail.com (Id., ¶ 13).

---

[2] This article contains a link to an audio file which is apparently a copy of the complete message left by Grant McNeely at each of the body shops.

Plaintiffs contend that these calls violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227.  They also believe the calls were "conducted by or at the direction of one of the Defendants," and as such were improper ex parte communications with a represented party, in violation of ethical rules governing the practice of law (Doc. 160, ¶ 11).  They ask the Court to grant them leave to serve a subpoena on GoDaddy.com and Google, in order to obtain information from which they may be able to identify the owner(s) of CNNFollowUp.com and the email address tommaple123@gmail.com (Doc. 160, ¶¶ 27-28).

Discovery in these cases has been stayed pursuant to District Judge Presnell's August 15, 2014 scheduling order (Doc. 2, ¶ 11).  The Rule 26(f) conference has also been stayed in this case, and ordinarily discovery is not allowed before that conference is completed.  FED.R.CIV.P. 26(d)(1), (f).  "However, courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause."  In re Countrywide Financial Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008).  "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'"  In re Countrywide Litig., 542 F. Supp. 2d at 1179 (quoting Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

Plaintiffs have failed to show good cause for lifting the stay and permitting them to engage in the requested discovery.  They offer speculation but no evidence that Defendants were behind the telephone calls.  Contrary to Plaintiffs' argument in their reply, Defendants' knowledge of facts about the calls that were omitted from Plaintiff's motion does not "establish conclusively" that "one or more of the Defendants is actually the perpetrator behind the calls."  (Doc. 172 at 1).  The information in question–

specifically, "Grant McNeely's" last name and the exact wording used in the call–was published in the February 23, 2015 article at RepairDrivenNews.com cited above.   And, Plaintiffs offer no reason why the requested discovery cannot wait until one or more claims for relief has survived a motion to dismiss.   Because Plaintiffs have not shown good cause for lifting the stay and allowing expedited discovery, their motion to serve early subpoenas on GoDaddy.com and Google is **DENIED**.

Plaintiffs' motion is also **DENIED** because they did not comply with Local Rule 3.01(g) before filing the motion.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record