# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

A & E AUTO BODY, INC., et al.,

    Plaintiffs,

v.                                                                               Case No: 6:14-md-2557-Orl-31TBS

21ST CENTURY CENTENNIAL
INSURANCE COMPANY, et al.,

    Defendants.

## ORDER

This matter comes before the Court without a hearing on the Defendants' Motion for Access to Sealed Documents (Doc. 168). The Plaintiffs have not yet filed a response. The Defendants seek access to sealed documents numbered S-150 and S-158, which were filed on February 27, 2015 and March 9, 2015, respectively.

As the Defendants have already learned, Doc. S-150 was a motion (henceforth, the "Sealed Motion") filed by the Plaintiffs. It had not been preceded by a motion for leave to file under seal, as required by the Local Rule 1.09. Rather than requiring the filing of a motion for leave to file under seal – which, in hindsight, likely would have been the better course – the Court attempted to expedite matters by treating the Sealed Motion as though it constituted such a request.

After reviewing the Sealed Motion, the Court determined that sealing was not warranted. Doc. S-158 is the Court's order denying the Sealed Motion without prejudice and instructing the Plaintiffs that if they wanted to have it considered on the merits, they could refile it on the open docket.

On March 9, 2015, the Plaintiffs filed their Motion for Issuance of Subpoena Duces Tecum to Non-Party (Doc. 160). That motion contains all of the information and allegations that had been included in the Sealed Motion, aside from a request that the subpoenas be issued under seal. (The more recently filed motion does contain some information that had not been included in the Sealed Motion. Specifically, the Sealed Motion did not contain any reference to phone calls from "Tom Maple," which are alleged to have occurred after the filing of the Sealed Motion.) Although the Court understands the Defendants' concerns regarding *ex parte* communication such as the Sealed Motion, they have already been made aware of the content of that communication.

In consideration of the foregoing, it is hereby

**ORDERED** that the Defendants' Motion for Access to Sealed Documents (Doc. 168) is **GRANTED**. The Clerk is directed to **UNSEAL** S-150 and S-158.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 7, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party