# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

A & E AUTO BODY, INC., *et al.*,

      Plaintiffs,

v.

21ST CENTURY CENTENNIAL INSURANCE COMPANY, *et al.*,

      Defendants.

**Case No. 6:14-MD-02557-GAP-TBS**

**RE:**
**No. 6:14-CV-6010-GAP-TBS**
**No. 6:14-CV-6012-GAP-TBS**
**No. 6:14-CV-6013-GAP-TBS**
**No. 6:14-CV-6015-GAP-TBS**
**No. 6:14-CV-6018-GAP-TBS**
**No. 6:14-CV-6019-GAP-TBS**
**No. 6:14-CV-6022-GAP-TBS**

**<u>GEICO GENERAL INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO INDEMNITY COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO ADVANTAGE INSURANCE COMPANY, GEICO CHOICE INSURANCE COMPANY, AND GEICO SECURE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME</u>**

GEICO General Insurance Company, GEICO Casualty Company, GEICO Indemnity Company, Government Employees Insurance Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, and GEICO Secure Insurance Company ("GEICO") oppose Plaintiffs' Motion for Extension of Time ("Motion") because Plaintiffs have failed to show good cause for their request for additional time as required by Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure.[1]

Rule 6(b)(1)(A) allows for the extension of a deadline for good cause, but here, Plaintiffs' offer no good cause at all. Instead, Plaintiffs conflate two separate issues – (1) their need to respond, if at all, to GEICO's Motions for Attorneys' Fees[2] in the seven cases to which their Motion applies and (2) their claimed desire to file motions for alleged violations of Fed. R. Civ. P. Rule 11. Plaintiffs have offered no good cause as to why they cannot timely file their responses, if any, to the Fees Motions while GEICO reviews Plaintiffs' purported Rule 11 motions. Plaintiffs state that GEICO's "counsel is entitled to twenty-one days to determine its course in response to the motion for sanctions and whether or not it will withdraw the offending motions." Motion, Doc. 237 at ¶ 3. GEICO's rights under Rule 11 are unrelated to Plaintiffs' obligation to respond to the Fees Motions. Indeed, Plaintiffs' Responses to the Fees Motions may inform GEICO's course of action on the purported Rule 11 motions, but the fact that

---

[1] Although GEICO is not challenging Plaintiffs' compliance with Local Rule 3.01(g) as it was immaterial because Plaintiffs' counsel was not prepared to proffer good cause for the requested extension, GEICO does take issue with Plaintiffs' statement that "GEICO Counsel declined to provide any response to the request for additional time." Doc. 237 at ¶ 8. GEICO's counsel was fully prepared to discuss Plaintiffs' request, and offered to do so, as demonstrated by the email correspondence between GEICO's counsel and Plaintiffs' counsel, set out in the attached exhibits. *See* Ex. 1, October 1, 2015 email between A. Fry, H. Litchford and E. Zard and October 5, 2015 emails between D. Goldfine, H. Litchford and E. Zard; Ex. 2, October 5, 2015 emails between A. Fry, E. Zard and D. Goldfine.

[2] GEICO filed Motions for Attorneys' Fees in the following cases: 6:14-cv-6010 (CA) (Doc. 37), 6:14-cv-6018 (KY) (Doc. 134), 6:14-cv-6022 (MO) (Doc. 82), 6:14-cv-6012 (NJ) (Doc. 59), 6:14-cv-6013 (NJ) (Doc. 61), 6:14-cv-6014 (OR) (Doc. 175 ("Oregon Motion"), the Oregon Motion is not at issue in this Response or in Plaintiffs' Motion for Extension of Time), 6:14-cv-6015 (WA) (Doc. 37), and 6:14-cv-6019 (VA) (Doc. 61) (together, without the Oregon Motion, the "Fees Motions").

Plaintiffs have now provided GEICO with the purported Rule 11 motions does not equal good cause for Plaintiffs to seek additional time to file any responses to the Fees Motions.[3]

Because Plaintiffs have failed to show good cause for granting an extension of time to file any response to the Fees Motions Plaintiffs' Motion should be denied.

DATED this 7th day of October, 2015.

LEWIS ROCA ROTHGERBER

*/s/ Dan W. Goldfine*
Dan W. Goldfine (admitted pro hac vice)
Joshua Grabel (admitted pro hac vice)
Jamie L. Halavais (admitted pro hac vice)
Ian M. Fischer (admitted pro hac vice)

201E. Washington Street, Suite 1200
Phoenix, Arizona 85004
Telephone: 602-262-5311
Facsimile: 602-262-5747
Email: dgoldfine@lrraw.com
jgrabel@lrrlaw.com
jhalavais@lrrlaw.com
ifischer@lrrlaw.com

Counsel for GEICO General Insurance Company, GEICO Casualty Company, GEICO Indemnity Company, Government Employees Insurance Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, and GEICO Secure Insurance Company

---

[3] Plaintiffs correctly state that "[p]ursuant to the 'safe harbor' provision of Rule 11, GEICO counsel is entitled to twenty-one days to determine its course in response to the motion for sanctions . . .." Doc. 237 at ¶ 3. However, Rule 11's "safe harbor" was designed to provide the party served with the motion time to review the motion and decide how it will respond, not to give extensions of time on other motions to the serving party. *See generally*, Fed. R. Civ. P. Rule 11, Notes of Advisory Committee on Rules – 1993 Amendment, subdivisions (b) and (c).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of October, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

*/s/ Dan W. Goldfine*