# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE : AUTOBODY SHOP ANTITRUST LITIGATION

Case No. 6:14-MD-02557-GAP-TBS

ALL CASES

**GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO ADVANTAGE INSURANCE COMPANY, GEICO CHOICE INSURANCE COMPANY AND GEICO SECURE INSURANCE COMPANY'S PARTIAL OBJECTION TO MOTION TO APPOINT NEW PLAINTIFF LIAISON COUNSEL**

Plaintiffs' Motion to Appoint New Plaintiff Liaison Counsel asks the Court to replace Allison Fry as Plaintiff Liaison Counsel with Mark L. Shurtleff. Doc. 300. The Motion also states that Ms. Fry "no longer represents any of the Plaintiffs in this MDL" and that Ms. Fry's status as counsel of record should be terminated. *See id.* To this latter point, GEICO objects.

This Court granted GEICO's Motion for Attorneys' Fees against Ms. Fry, the Eaves Law Firm and others in *Capitol Body Shop, Inc. v. State Farm Mutual Automobile Insurance Company*, but has not determined the amount of fees to which GEICO is entitled. 6:14-cv-06000-GAP-TBS, Doc. 134 (granting fee request); Doc. 135 (specific fee request); *see also* Doc. 136 (Plaintiffs' motion to reconsider Doc. 134).

GEICO also has Motions for Attorneys' Fees, seeking fees from Ms. Fry, the Eaves Law Firm and others, in nine matters which either are pending (*Legends Collision*), stayed by the Court pending resolution of the MDL appeals (*Lee Pappas*, *Concord*, *Quality*, *Ultimate*, *Campbell*), or dismissed without prejudice so that GEICO may refile after the appeals are resolved (*Pacific Coast*, *Leif's*, *Haury's*).[1]

Ms. Fry has offered no evidence that she complied with Local Rule 2.03(b) before seeking to withdraw from these matters. *See* Local Rule 2.03(b) ("No attorney, having made a general appearance . . ., shall thereafter . . . withdraw as counsel for any party therein, except by written leave of Court obtained after giving ten (10) days' notice to the party or client affected thereby, and to opposing counsel."). The notice requirement is particularly important here, where Ms. Fry's – and possibly the Eaves Law Firm's (*see, e.g.*, *Pacific Coast*, where Ms. Fry is the only Eaves Law Firm attorney remaining as counsel) – withdrawal may prejudice Plaintiffs.

---

[1] *Lee Pappas Body Shop, Inc. v. State Farm Mutual Automobile Insurance Co.*, 6:14-cv-06019-GAP-TBS, Doc. 61, 64; *Concord Auto Body, Inc. v. State Farm Mut. Auto. Ins. Co.*, 6:15-cv-06022-GAP-TBS, Doc. 82, 86; *Pacific Coast Auto Body, Inc. v. State Farm Mut. Auto. Ins. Co.*, 6:14-cv-06010-GAP-TBS, Doc. 37, 46; *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 6:14-cv-06012-GAP-TBS, Doc. 59, 62; *Ultimate Collision Repair, Inc. v. State Farm Indem. Co.*, 6:14-cv-06013-GAP-TBS, Doc. 61, 64; *Leif's Auto Collision Centers, LLC v. State Farm Mut. Auto. Ins. Co. of Oregon*, 6:14-cv-06014-GAP-TBS, Doc. 154, 206; *Haury's Auto Body v. State Farm Mut. Auto. Ins. Co.*, 6:14-cv-06015-GAP-TBS, Doc. 37, 44; *Campbell County Auto Body, Inc. v. State Farm Mut. Auto. Ins. Co.*, 6:14-cv-06018-GAP-TBS, Doc. 134, 139; *Legends Collision LLC v. State Farm Mut. Auto. Ins. Co.*, 6:14-cv-06006-GAP-TBS, Doc. 121.

The exposure from GEICO's sanctions motion is joint and several with Ms. Fry, the Eaves Law Firm and Plaintiffs. Ms. Fry's withdrawal may leave GEICO and this Court unable to hold her accountable and could force Plaintiffs to bear all consequences for her sanctionable conduct. *See* Rule 4–1.16(b)(1) of the Rules Regulating the Florida Bar (permitting withdrawal only if it can be accomplished "without material adverse effect on the interests of the client"); Doc. 2 (requiring all counsel in these cases to comply with Florida's rules governing professional conduct). Because Ms. Fry's withdrawal may be prejudicial to GEICO and Plaintiffs, this Court should not permit her or the Eaves Law Firm to withdraw as counsel of record. *See Obermaier v. Driscoll*, No. 2:00-CV-214-FTM-29D, 2000 WL 33175446, at *1 (M.D. Fla. Dec. 13, 2000) (in considering a motion to withdraw, the Court should consider "the prejudice withdrawal may cause the litigants") (quoting *Rusinow v. Kamara*, 920 F.Supp. 69, 71 (D.N.J.1996)).

It is true that GEICO does not object to the change of Plaintiff Liaison Counsel. GEICO merely asks the Court to take steps to ensure that it can impose and enforce the sanctions GEICO has sought against Ms. Fry and the Eaves Law Firm, and, at a minimum, require Ms. Fry and the Eaves Law Firm to comply with Local Rule 2.03(b) before permitting them to withdraw.

DATED this 19th day of February, 2017.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

 */s/ Dan W. Goldfine* 
Dan W. Goldfine (*admitted pro hac vice*)
Joshua Grabel (*admitted pro hac vice*)
Jamie L. Halavais (*admitted pro hac vice*)
Ian Fischer (*admitted pro hac vice*)
201 East Washington Street, Suite 1200
Phoenix, Arizona  85004
Telephone: 602-262-5392
Facsimile:  602-262-5747
Email:  dgoldfine@lrrc.com
          jgrabel@lrrc.com
          jhalavais@lrrc.com
          ifischer@lrrc.com
Counsel for GEICO Casualty Company, GEICO General Insurance Company, GEICO Indemnity Company, Government Employees Insurance Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company and GEICO Secure Insurance Company

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of February, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

 */s/ Dan W. Goldfine*