UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AUTO BODY SHOP ANTITRUST LITIGATION     MDL No. 2557

TRANSFER ORDER

**Before the Panel:**[*] Defendant Government Employees Insurance Company (GEICO) moves under 28 U.S.C. § 1407(c) to transfer the action listed on Schedule A (*Leif's v. GEICO*) to the Middle District of Florida for inclusion in MDL No. 2557. Plaintiff Leif's Auto Collision Centers, LLC opposes the motion for transfer. The actions in MDL No. 2557 involve an alleged industry-wide conspiracy spearheaded by State Farm to suppress the reimbursement rates to automobile collision repair shops, including the role of shops with preferred provider status (direct repair programs, or DRPs) in furtherance of the alleged scheme. Among those actions is a prior action filed by Leif's (*Leif's v. State Farm*),[1] which was dismissed in 2015.

GEICO argues that transfer is appropriate because the new action, *Leif's v. GEICO*, alleges the same core conduct as alleged in the MDL – a conspiracy to fix the maximum prices for collision repair services and a boycott of noncompliant auto body shops seeking higher reimbursement rates. Plaintiff opposes transfer on the ground that the conspiracy alleged in *Leif's v. GEICO* does not overlap with the conspiracy alleged in the MDL. Plaintiff contends that, in contrast to the State Farm-led conspiracy alleged in the MDL, the conspiracy alleged in its new complaint is solely between GEICO and its preferred auto body shops, and involves a number of different tactics, including the setting of maximum reimbursement prices for GEICO policyholders, a policy of denying reimbursement for electronic repair scans, and threats to terminate customer referrals to noncompliant shops.

These arguments are unconvincing. The *Leif's v. GEICO* action alleges many of the same practices concerning the enforcement of maximum repair prices as the actions in MDL No. 2557, including (1) the insurer's alleged agreements with its preferred provider shops to accept suppressed labor rates in return for the insurer's referral of customers; and (2) the insurer's alleged practice of steering customers away from non-preferred shops, such as Leif's, that do not comply with its maximum prices. These alleged practices are among those at the core of the conspiracy alleged in the initially centralized action and tag-along complaints.[2] Moreover, GEICO is a common defendant

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] *See* Transfer Order (*Leif's v. State Farm*), Doc. No. 416 (J.P.M.L. Apr. 1, 2015).

[2] *See In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390-91 & n.5 (J.P.M.L.
(continued...)

Case 6:14-md-02557-GAP-TBS Document 308 Filed 04/04/18 Page 2 of 4 PageID 2712
Case MDL No. 2557 Document 481 Filed 04/04/18 Page 2 of 4

-2-

in the vast majority of the MDL actions. The *Leif's v. GEICO* action thus overlaps extensively with the MDL actions, including the prior *Leif's v. State Farm* action, which alleged similar practices by GEICO affiliates and other insurers at an industry-wide level. Plaintiff's addition of case-specific factual allegations concerning electronic scans and GEICO-specific preferred provider agreements does not warrant exclusion of *Leif's v. GEICO* from the MDL. Transfer does not require a complete identity of factual issues, and the presence of additional facts or differing legal theories is not significant when, as here, the actions arise from a common factual core *See In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d at 1390.

Plaintiff also objects to transfer based on the inconvenience to witnesses located in Oregon. But in deciding transfer under Section 1407, the Panel looks to the overall convenience of the parties and witnesses in the litigation as a whole.[3] Moreover, we note that "since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *See In re: Cygnus Telecommunications Tech., LLC, Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001).

After considering the argument of counsel, we find that the action listed on Schedule A shares questions of fact with the actions transferred to MDL No. 2557, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Middle District of Florida was an appropriate Section 1407 forum for actions stemming from an alleged conspiracy to suppress the reimbursement rates to automobile collision repair shops, including complex issues concerning the role of "direct repair programs" in furtherance of the alleged scheme. *See In re: Auto Body Shop Antitrust Litig.*, 2014 WL 3908000, at *1-2. The *Leif's v. GEICO* action involves the same core factual allegations and thus falls squarely within the subject matter of the MDL. Transfer will eliminate duplicative discovery, prevent inconsistent rulings on pretrial matters, and conserve the resources of the parties, their counsel and the judiciary.

---

[2](...continued)
2014); *see also Quality Auto Painting Center of Roselle, Inc. v. State Farm Mut. Ins. Co.*, 870 F.3d 1262 (11th Cir. 2017)(describing the MDL complaints as alleging that insurers engaged in "two lines of tactics" to depress the shops' rates for automobile repair – setting an artificial market rate, and "pressur[ing] the body shops into accepting the market rate by steering insureds away from the noncompliant shops").

[3] *See* MDL No. 2557, Transfer Order (*Concord Auto Body*), at 2 (J.P.M.L. Feb. 6, 2015).

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Gregory A. Presnell for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____
DEPUTY CLERK

# IN RE: AUTO BODY SHOP ANTITRUST LITIGATION         MDL No. 2557

## SCHEDULE A

### District of Oregon

LEIF'S AUTO COLLISION CENTERS, LLC v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, C.A. No. 3:17–01822