**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION**

| | |
|---|---|
| CAMPBELL COUNTY<br>AUTO BODY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, *et al.*,<br><br>    Defendants. | **DISPOSITIVE MOTION**<br><br>MDL Docket No. 2557<br><br>Case No. 6:14-cv-06018-GAP-EJK<br><br>Originally filed in the<br>Eastern District of Kentucky |
| CONCORD AUTO BODY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, *et al.*,<br><br>    Defendants. | **DISPOSITIVE MOTION**<br><br>MDL Docket No. 2557<br><br>Case No. 6:15-cv-06022-GAP-EJK<br><br>Originally filed in the<br>Eastern District of Missouri |
| QUALITY AUTO PAINTING<br>CENTER OF ROSELLE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM INDEMNITY<br>COMPANY, *et al.*,<br><br>    Defendants. | **DISPOSITIVE MOTION**<br><br>MDL Docket No. 2557<br><br>Case No. 6:14-cv-06012-GAP-EJK<br><br>Originally filed in the<br>District of New Jersey |

| ULTIMATE COLLISION REPAIR, INC., | **DISPOSITIVE MOTION** |
|---|---|
| Plaintiff, | MDL Docket No. 2557 |
| | Case No. 6:14-cv-06013-GAP-EJK |
| v. | |
| | Originally filed in the |
| STATE FARM INDEMNITY COMPANY, *et al.,* | District of New Jersey |
| Defendants. | |

| LEE PAPPAS BODY SHOP, INC., *et al.,* | **DISPOSITIVE MOTION** |
|---|---|
| Plaintiffs, | MDL Docket No. 2557 |
| | Case No. 6:14-cv-06019-GAP-EJK |
| v. | |
| | Originally filed in the |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.,* | Eastern District of Virginia |
| Defendants. | |

## CONSOLIDATED BRIEF IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' TORTIOUS INTERFERENCE CLAIMS

In compliance with this Court's Order of July 14, 2020, Defendants respectfully submit this consolidated brief on remand in support of their motions to dismiss, with prejudice, the tortious interference claims in the above-captioned cases.[1]

## INTRODUCTION

The state-law tortious interference claims in these five virtually identical Complaints[2] are before this Court on remand. Although the Eleventh Circuit affirmed this Court's dismissal of all other claims in these actions, it vacated the dismissal of the tortious interference claims "on a very narrow group pleading rationale" and remanded for further proceedings, including for consideration of other rationales for dismissal. *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemn. Co.*, 917 F.3d 1249, 1274-75 (11th Cir. 2019) (en banc). The Court of Appeals expressly distinguished its holding on the group pleading rationale from "a standard-issue *Twombly-Iqbal* determination of the plausibility of the tortious interference claims in light of the well-pleaded factual allegations" and stated it was not addressing "whether the allegations of tortious interference meet the plausibility standard." *Id.*; *see also id.* at 1276 n.32 ("We decline to address other possible theories on the basis of which that judgment might have been affirmed.").

This Court should dismiss these actions for failure to plausibly allege the required elements of a tortious interference claim under state law. After the en banc decision in *Quality Auto Painting*, the Eleventh Circuit issued a decision affirming in large part this Court's

---

[1] This brief is filed in support of Defendants' motions to dismiss filed on February 19 and 20, 2015 in *Campbell County Auto Body, Inc. v. State Farm Mutual Automobile Insurance Co.* (Kentucky), No. 6:14-cv-06018, ECF Nos. 75, 76; *Concord Auto Body, Inc. v. State Farm Mutual Automobile Insurance Co.* (Missouri), No. 6:15-cv-06022, ECF Nos. 61, 62; *Quality Auto Painting Center of Roselle, Inc. v. State Farm Indemnity Co.* (New Jersey), No. 6:14-cv-06012, ECF Nos. 36, 37; *Ultimate Collision Repair, Inc. v. State Farm Indemnity Co.* (New Jersey), No. 6:14-cv-06013, ECF Nos. 38, 39; and *Lee Pappas Body Shop, Inc. v. State Farm Mutual Automobile Insurance Co.* (Virginia), No. 6:14-cv-06019, ECF Nos. 38, 39.

[2] Compl. ("*Campbell* Compl."), *Campbell Cnty. Auto Body, Inc.*, No. 6:14-cv-06018, Nov. 5, 2014, ECF No. 1; Compl. ("*Concord* Compl."), *Concord Auto Body, Inc.*, No. 6:15-cv-06022, Nov. 3, 2014, ECF No. 1; Compl. ("*Quality* Compl."), *Quality Auto Painting Ctr. of Roselle, Inc.*, No. 6:14-cv-06012, Nov. 7, 2014, ECF No. 1; Compl. ("*Ultimate* Compl."), *Ultimate Collision Repair, Inc.*, No. 6:14-cv-06013, Nov. 7, 2014, ECF No. 1; Compl. (*Lee Pappas* Compl."), *Lee Pappas Body Shop, Inc.*, No. 6:14-cv-06019, Nov. 7, 2014, ECF No. 1.

dismissal of Mississippi state-law tortious interference claims in a more-detailed complaint for failure to satisfy the *Twombly-Iqbal* plausibility standard. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 731-34 (11th Cir. 2020). A plaintiff's failure to provide allegations to support all elements of a tortious interference claim is grounds for dismissal. Here, Plaintiffs fail with respect to each element. Their claims suffer from the same (and greater) failings as the dismissed claims in *Automotive Alignment*, and should be dismissed for the same reasons.

First, under the laws of all four states at issue in the Complaints, a plaintiff attempting to state a claim for tortious interference must allege an existing relationship or the reasonable expectation of a prospective relationship that the defendant's wrongful conduct caused the plaintiff to lose, and actual damages resulting from the interference. Like most of the plaintiffs in *Automotive Alignment*, however, Plaintiffs here do not allege any existing or reasonably expected relationship with which any Defendant interfered or any instance "in which the steering actually caused [a] customer to choose a different shop." *Id.* at 733. Indeed, unlike even the complaint in *Automotive Alignment*, none of the Complaints here identifies even a single prospective customer allegedly subjected to steering.

Second, all four states also require a tortious interference plaintiff to allege some form of improper or unjustified conduct. Again like most of the plaintiffs in *Automotive Alignment*, Plaintiffs here allege only a list of "examples" of statements made by Defendants to their insureds—such as that "a particular chosen shop is not on the preferred provider list," that "the shop charges more" and that "these additional costs will have to be paid by the consumer," and that repairs at Plaintiffs' shops "will take much longer than at other preferred shops" (*e.g.*, *Concord* Compl. ¶ 101)—none of which are alleged to be false (*see, e.g.*, *id.* ¶ 102 (conceding that repairs will take longer and cost more at Plaintiffs' shops)). As the Eleventh Circuit held, "[t]here is nothing tortious about an insurance company truthfully informing its insureds of the

consequences of choosing one body shop for repairs over another." *Auto. Alignment*, 953 F.3d at 734. Even if a particular statement could be construed as misleading, Plaintiffs do not allege that all Defendants—or any particular Defendant—made all statements, or even any particular statement. Thus, there is no way to tell from the Complaints whether any particular Defendant engaged in any tortious conduct towards any Plaintiff. Plaintiffs also fail to allege that any damage that their businesses may have suffered was caused by any alleged tortious conduct rather than by conduct already deemed legitimate by the Eleventh Circuit.

Moreover, as explained below in the discussion of the state laws applicable to each Complaint, each state at issue has established specific elements for a tortious interference claim that must be supported by sufficient factual allegations. As explained in more detail below, no Plaintiff has satisfied these obligations. Instead, the Complaints simply provide the kind of formulaic "recitals of the elements of [the] cause of action, supported by mere conclusory statements," that are insufficient under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Separate from these Rule 8 deficiencies, because the tortious interference claims all purport to be based on alleged misrepresentations by the Defendants, Fed. R. Civ. P. 9(b) requires Plaintiffs to allege the circumstances of any alleged misrepresentations with particularity, which they have not done.

Given the Court's experience with these and similar actions over the last six years and the clear and simple grounds for dismissal of the remaining claims, the most efficient course would be for the Court to consider and grant Defendants' motions to dismiss Plaintiffs' inadequate tortious interference claims with prejudice.

## PROCEDURAL HISTORY

Plaintiffs filed these actions in November 2014 in district courts in Kentucky, Missouri, New Jersey, and Virginia. The Judicial Panel on Multidistrict Litigation transferred the actions to this Court for centralized proceedings as part of the previously established MDL *In re Auto*

*Body Shop Antitrust Litigation*, and Defendants moved to dismiss. On June 3, 2015, Magistrate Judge Smith entered a Report and Recommendation recommending that the Complaints in all five actions be dismissed. *See* R&R at 1, 59, *In re Auto Body Shop Antitrust Litig.*, No. 6:14-md-2557-Orl-31TBS (M.D. Fla. June 3, 2015), ECF No. 69.

On August 17, 2015, this Court entered orders overruling Plaintiffs' objections to the Report and Recommendation, granting Defendants' motions to dismiss, and dismissing the Complaints without prejudice, except for Plaintiffs' claims for Quasi-Estoppel, which the Court dismissed with prejudice. (*See Campbell*, ECF No. 129; *Concord*, ECF No. 77; *Quality*, ECF No. 54; *Ultimate*, ECF No. 56; *Lee Pappas*, ECF No. 56.) Defendants raised a number of arguments in favor of dismissal of Plaintiffs' tortious interference claims,[3] but this Court ruled on only the "narrow group pleading rationale" discussed by the Eleventh Circuit, finding that ground sufficient for dismissal. *See* Op. & Order at 23-24, *In re Auto Body Shop Antitrust Litig.*, No. 6:14-md-2557-Orl-31TBS (M.D. Fla. Aug. 17, 2015), ECF No. 222. The Court granted Plaintiffs leave to file amended complaints (*see Campbell*, ECF No. 129; *Concord*, ECF No. 77; *Quality*, ECF No. 54; *Ultimate*, ECF No. 56; *Lee Pappas*, ECF No. 56.), but Plaintiffs instead appealed (*see Campbell*, ECF No. 131; *Concord*, ECF No. 79; *Quality Auto*, ECF No. 56; *Ultimate*, ECF No. 58; *Lee Pappas*, ECF No. 58), thereby waiving their right to amend.

After granting rehearing en banc and vacating the original panel's decision in the consolidated appeals of these five actions, the Eleventh Circuit issued an opinion affirming in part, vacating in part, and remanding. *See Quality Auto Painting*, 917 F.3d at 1276. The Court of Appeals affirmed this Court's dismissal of Plaintiffs' federal and state-law antitrust claims and state-law claims for unjust enrichment and quantum meruit; however, the court vacated

---

[3] *See*, in *Campbell*, ECF Nos. 75, 76, 117, 118, 126, and 127; in *Concord*, ECF Nos. 61, 62, 65, 66, 74, and 75; in *Quality*, ECF Nos. 36, 37, 40, 41, 51, and 52; in *Ultimate*, ECF Nos. 38, 39, 42, 43, 53, and 54; and in *Lee Pappas*, ECF Nos. 38, 39, 45, 46, 53, and 54.

the dismissal of Plaintiffs' tortious interference claims "only on the district court's stated group pleading rationale" and remanded for further proceedings. *Id.*

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face." *Williamson v. Travelport, LP*, 953 F.3d 1278, 1288 (11th Cir. 2020). Although the court must "accept the factual allegations in the complaint as true, construing them in the light most favorable to the plaintiff, the allegations must state a claim for relief that is plausible, not merely possible." *Quality Auto Painting*, 917 F.3d at 1260. "Under this standard, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,'" *id.* (quoting *Iqbal*, 556 U.S. at 678), and the "court is not required to credit conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (internal quotation marks omitted).

## ARGUMENT

### A.    The *Campbell* Plaintiff fails to state a claim under Kentucky law.

To state a claim for tortious interference under Kentucky law, a plaintiff must plausibly allege (1) a contract or valid business expectancy; (2) the defendant knew of this contract or expectancy; (3) the defendant intended to cause the contract to be breached or intentionally interfered with the business expectancy; (4) the motive behind the interference was improper; (5) causation; and (6) special damages. *CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068, 1079 (W.D. Ky. 1995); *Snow Pallett, Inc. v. Monticello Banking Co.*, 367 S.W.3d 1, 6 (Ky. Ct. App. 2012). The sole Kentucky plaintiff here ("Campbell"), fails to meet this standard for several reasons.

First, Kentucky requires that "a party claiming tortious interference must prove the

existence of specific relationships" with which Defendants interfered. *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 2006 WL 980732, at *1 (E.D. Ky. Mar. 7, 2006) (explaining that "a tortious interference claim will fail where the plaintiff only generally refers to third party business relationships without identifying any specific existing relationship or reasonably expected relationship"); *see also Miles Farm Supply, LLC v. Helena Chem. Co.*, 2008 WL 3010064, at *15-16 (W.D. Ky. Aug. 1, 2008) (dismissing tortious interference claim where plaintiff failed to identify existing or prospective contractual relationships with which the defendant interfered).

Campbell, however, alleges no facts to plausibly suggest the existence of a specific contractual relationship or reasonably certain business expectancy. Indeed, the complaint is devoid of allegations identifying a single specific prospective or existing customer relationship with which any Defendant purportedly interfered. Instead, Campbell generically alleges that all Defendants "steered and attempted to steer" "insureds and/or claimants," the "public," "customers" and "potential customers." (*Campbell* Compl. ¶¶ 104, 133, 134.) But such generalized allegations of interference against the community-at-large or unspecified persons are insufficient to state a claim for tortious interference as a matter of Kentucky law. *See Static Control*, 2008 WL 980732, at *2 ("In order to state a claim for tortious interference, Lexmark must identify each customer who breached the Prebate agreement because of the counterclaim defendants' tortious interference."). Campbell obviously does not have a reasonable expectation of entering into a business relationship with the public at large, and without alleging any facts relating to any prospective relationships, it cannot plausibly show that it had a reasonable expectation with any particular customer. *See Ventas, Inc. v. Health Care Property Inv'rs, Inc.*, 635 F. Supp. 2d 612, 621 (W.D. Ky. 2009) (holding that a valid business expectancy exists only where there is a "reasonable likelihood or a probability, not mere wishful thinking[,] that a business relationship will come about").

Second, Kentucky law requires that Defendants knew about the relationship and intended to cause its termination. *Snow Pallet*, 367 S.W.3d at 6. The complaint, however, alleges no facts to support that any Defendant knew of, let alone intended to interfere with, any relationships Campbell may have had with unidentified "insureds and/or claimants," "the public," "customers," or "potential customers." (*Campbell* Compl. ¶¶ 104, 133, 134.) Conclusory allegations that all Defendants "knowingly and intentionally" interfered (*id.* ¶ 133), as alleged here, do not suffice. *See Busch v. Wells Fargo Home Mortg. Inc.*, 2017 WL 82473, at *9 (E.D. Ky. Jan. 9, 2017) (threadbare conclusions that defendant was aware of specific business relationship or expectancy deemed insufficient); *Rouse v. Farmer*, 2018 WL 2078030, at *5 (Ky. Ct. App. May 4, 2018) (unpublished) (affirming dismissal for failure to allege anything more than "speculation, supposition, and inference" to support elements of knowledge and intent).

Third, Kentucky requires the interference to be "improper." *CMI*, 918 F. Supp. at 1080. "To demonstrate an improper motive, the plaintiff must show malice or some significantly wrongful conduct." *Miles Farm Supply*, 2008 WL 3010064, at *15 (internal quotation marks omitted). "Unless 'the interference is malicious or without justification, or is accomplished by some unlawful means such as fraud, deceit, or coercion,' impropriety does not exist." *AMC of Louisville, Inc. v. Cincinnati Milacron Inc.*, 2000 WL 33975582, at *6 (W.D. Ky. Jan. 25, 2000) (citing *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 487 (Ky. 1991)); *see also Henkin, Inc. v. Berea Bank & Trust Co.*, 566 S.W.2d 420, 425 (Ky. Ct. App. 1978) ("[N]o action lies in Kentucky for [tortious interference] unless the inter-meddler employs unlawful means, such as fraud, deceit or coercion.").

Here, Campbell fails to allege any facts showing that any Defendant lacked justification or engaged in unlawful conduct "such as fraud, deceit or coercion." Campbell alleges that Defendants steered "insureds and/or claimants to favored, compliant shops through

misrepresentation, insinuation, and casting aspersions upon [Campbell's] business integrity and quality." (*Campbell* Compl. ¶ 104.) But, as explained in the introduction, the Complaint does not provide any basis to conclude that all Defendants—or any particular Defendant—made a false or misleading statement. The Eleventh Circuit already held that the failure to identify any instance in which an insurer made a false or misleading statement to an insured or claimant is fatal to such a claim. *Auto. Alignment*, 953 F.3d at 734.

Nor does Campbell allege any facts to support its conclusory allegation that Defendants' conduct was "without justification" such that malice or improper motive may be inferred. Kentucky courts hold that "simply attempting to advance one's own legitimate economic interests at the expense of another's interests does not constitute malice" or other wrongful conduct. *ATC Distr. Grp., Inc. v. Whatever It Takes Transmission & Parts, Inc.*, 402 F.3d 700, 717 (6th Cir. 2005) (citing *NCAA v. Hornung*, 754 S.W.2d 855, 859 (Ky. 1988)); *see also Eastern Ky. Res. v. Arnett*, 892 S.W.2d 617, 619 (Ky. Ct. App. 1995) (pursuit of legitimate interest or right does not amount to impropriety). As the parties financing the repairs (*Campbell* Compl. ¶ 47), each Defendant has a valid economic interest in the efficient and cost-effective repair of its insureds' vehicles and in "truthfully informing its insureds of the consequences of choosing one body shop for repairs over another." *Auto. Alignment*, 953 F.3d at 734.

Finally, Campbell fails to plead any facts to satisfy the final elements of causation and injury. Campbell provides no facts establishing that any existing or potential customer failed to enter into a contract as a result of actions taken by any Defendant, much less as a result of any tortious—as opposed to concededly truthful and legitimate—conduct. *See Auto. Alignment*, 953 F.3d at 733 (affirming dismissal of tortious interference claim where plaintiffs failed to allege any instance "in which the steering actually caused [a] customer to choose a different shop"). Nor does Campbell allege facts to support that any Defendant induced an existing customer to breach a contract. The absence of such facts dooms Campbell's claim.

*See Mountain Motorsports Paving & Constr. LLC v. Yamaha Motor Corp.*, 2014 WL 5341865, *7 (E.D. Ky. Oct. 20, 2014) (dismissing tortious interference claim under Kentucky law where plaintiff "[did] not state whether the potential prospects failed to enter or discontinued the prospective relation, or whether Yamaha's actions somehow prevented Mountain from continuing the relation," leaving the court to "speculate as to how the anticipated deal fell apart").

Moreover, because Campbell's claim rests on allegations that Defendants made false statements with the intention that the listener rely on them, Campbell must plead with the specificity required under Rule 9(b). *See Lamm v. State St. Bank & Trust*, 749 F.3d 938, 951 (11th Cir. 2014) (explaining that Rule 9(b) applies to claims that sound in fraud); *N. Am. Catholic Educ. Programming Found. v. Cardinale*, 567 F.3d 8, 14 (1st Cir. 2009) (applying Rule 9(b) to tortious interference claim based on allegation that the defendants falsely represented to third parties that the plaintiff's partners faced imminent bankruptcy); *Borsellino v. Goldman Sachs Grp.*, 477 F.3d 502, 507 (7th Cir. 2007) (applying Rule 9(b) to a tortious interference claim based on alleged fraudulent conduct); *Puri v. Khalsa*, 674 F. App'x 679, 689 (9th Cir. 2017) (same).

Rule 9(b) requires a plaintiff to identify "(1) the allegedly fraudulent statement, document, representation, or omission made; (2) the time, place, and person responsible for each misrepresentation; (3) the manner in which each misrepresentation misled . . . ; and (4) what the defendant gained from the alleged fraud." *MidAmerica C2L, Inc. v. Siemens Energy, Inc.*, 2017 WL 1322327, at *4 (M.D. Fla. Apr. 7, 2017); *see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) ("in a case involving multiple defendants," Rule 9(b) requires a plaintiff to allege, among other things, "the precise statements, documents, or misrepresentations made" (internal quotation marks omitted)). Campbell's complaint falls woefully short of this exacting standard. The Complaint does not

allege that any Defendant made any particular statement, describe when any statements were made or by which person, or allege that any actual or prospective customer was misled.

### B.  The *Concord* Plaintiff fails to state a claim under Missouri law.

Plaintiff Concord Auto Body, Inc. ("Concord") sues under Missouri law for Defendants' supposed interference with "Plaintiff's valid business relations *and* prospective business relations." (*Concord* Compl. ¶ 129.) "To begin," Concord's "tortious interference claim is inappropriately compound and complicates this Court's analysis." *BlueLine Rental, LLC. v. Rowland*, 2020 WL 1915252, at *3 (E.D. Mo. Apr. 20, 2020). Rather than allege separate counts for interference with existing business relations and interference with prospective business relations, Concord improperly combines the claims into a single count.

That pleading defect aside, Concord fails to state a claim under either theory. The elements of tortious interference with business relations in Missouri are: "(1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and, (5) damages resulting from defendant's conduct." *Cmty. Title Co. v. Roosevelt Fed. Sav. & Loan Ass'n*, 796 S.W.2d 369, 372 (Mo. 1990) (en banc). Concord does not identify a single contract, let alone one about which any Defendant had knowledge and that was breached as a result of any particular Defendant's allegedly tortious conduct. On that basis alone, any claim for interference with business relations fails. *See Auto. Alignment*, 953 F.3d at 731, 733-34.

As for prospective business relations, Concord does not identify a single customer or a single prospective business transaction that it would likely have obtained had it not been for Defendants' alleged actions. It is incumbent on a Missouri plaintiff to set forth facts sufficient to identify specific customers and to establish a concrete business relationship and expectation of patronage. General references to "customers" or "members of the public" are not sufficient,

as "'mere hope is not enough,' rather the 'expectancy must be reasonable and valid under the circumstances presented.'" *BlueLine Rental, LLC*, 2020 WL 1915252, at *3 ("One reason this expectancy must be properly pled with factual detail is to evaluate its objective reasonableness. . . . [I]f BlueLine had an objective expectation in *particular customers* or *particular employees*, it must give factual meaning and support to those expectations."). Concord, however, alleges only that the 33 separate Defendants have "steered and attempted to steer" unidentified "customers away from Plaintiff" and that Defendants purportedly made disparaging statements "to members of the public." (*Concord* Compl. ¶ 129.) Concord's allegations are insufficient because "there are no specific customers set out" and "no concrete allegations giving rise to a reasonable and valid business relationship." *Vilcek v. Uber USA, LLC*, 2017 WL 3116155, at *4 (E.D. Mo. July 21, 2017), *aff'd*, 902 F.3d 815 (8th Cir. 2018) (dismissing claims "based on the mere hope that [plaintiffs] will have customers for their taxis in the future").

Additionally, Concord's claim fails because Concord has not sufficiently alleged absence of justification, which "is an essential element of the claim for interference with contract." *NTD I, LLC v. Alliant Asset Mgmt. Co., LLC*, 2017 WL 605324, at *9 (E.D. Mo. Feb. 15, 2017). The Complaint simply alleges that "[t]here is no justification for Defendants' conduct." (*Concord* Compl. ¶ 130.) This is "a mere formulaic recitation of the element" and is insufficient to state a claim. *NTD I, LLC*, 2017 WL 605324, at *9; *see also Graham v. Hubbs Mach. & Mfg., Inc.*, 2015 WL 851225, at *2 (E.D. Mo. Feb. 26, 2015) (dismissing counterclaim that "assert[ed] only conclusory allegations that plaintiff 'acted without legitimate business justification' and 'acted out of greed and self-interest'").

Taking Concord's own allegations as true, Defendants had ample justification. "Missouri courts have stated that a defendant who has a valid, existing economic interest in a contract is justified in inducing its breach, unless the defendant uses improper means to induce

the breach." *Id*. Concord here clearly alleges the existence of Defendants' respective financial interests:

> Plaintiff has done business at various times over the course of years with the Defendants' policyholders and claimants by providing to these policyholders and claimants motor vehicle collision repair service. Each Defendant is individually responsible for payment for those repairs for their respective policyholders and claimants.

(*Concord* Compl. ¶ 40.)

In *Kruse Concepts, Inc. v. Shelter Mutual Insurance*, 16 S.W.3d 734, 738 (Mo. Ct. App. 2000), the court held that a contractor's tortious interference claim against its customer's insurance company failed because the defendant insurer "also had an economic interest in the amount charged by [the contractor] for the restoration of [the customer's] home because [it] was contractually obligated to pay most of [the customer's] restoration costs." The same is true here—any alleged "interference" with any business relationship between Plaintiff and any (unidentified) insureds would be justified under Missouri law because the Defendants are, by virtue of their insurance policies, legally "responsible for payment for [the] repairs for their respective policyholders and claimants." (*Concord* Compl. ¶ 40.)

Nor has Concord adequately alleged that Defendants used improper means. "If the defendant has a legitimate interest, economic or otherwise, in the contract or expectancy sought to be protected, then the plaintiff must show that the defendant employed improper means in seeking to further only his own interests." *Nazeri v. Missouri Valley Coll.*, 860 S.W.2d 303, 317 (Mo. 1993) (en banc). Plaintiff's conclusory allegations about Defendants' purported improper means fail to satisfy the pleading standards required under *Twombly-Iqbal* and Eleventh Circuit precedent. No statements or actions by any particular Defendant are identified in the Complaint. Instead, the Complaint alleges only the conclusory assertion and sweeping generality that Defendants "attempted to steer customers away from Plaintiff through their repeated campaign of misrepresentation of facts, failure to verify facts that damage or tend to

cause damage to the Plaintiff's business reputations." (*Concord* Compl. ¶ 129.) That "mere formulaic recitation" of the element of improper means does not provide a factually plausible basis for relief. *NTD I, LLC*, 2017 WL 605324, at *9. The Complaint also makes conclusory allegations that Defendants steered "insureds and/or claimants . . . through misrepresentation, insinuation, and casting aspersions upon [Plaintiffs'] business integrity and quality." (*Concord* Compl. ¶ 100.) But, as explained in the introduction, Concord's list of example statements (*id.* ¶ 101) falls short of suggesting that all Defendants—or any particular Defendant—made any statement that was false or misleading (much less in a manner that would satisfy Rule 9(b), *see* pp. 9-10, above).

To the extent Concord's tortious interference claim is predicated on alleged defamation, Concord does not describe the content of any defamatory statements allegedly made by any defendant, as required by Missouri law. *King v. Union Station Holdings, LLC*, 2012 WL 5351598, at *3 (E.D. Mo. Oct. 30, 2012) ("Under Missouri law, a plaintiff must set forth specifically in his/her complaint the words and/or statements which are alleged to be defamatory."). Additionally, any alleged statements regarding "implications of poor quality, poor efficiency, poor business ethics and practices, and unreliability" (Concord Compl. ¶ 129) are statements of opinion, not fact, and do not support a claim of tortious interference based on alleged defamation. *See Castle Rock Remodeling, LLC v. Better Bus. Bureau of Greater St. Louis, Inc.*, 354 S.W.3d 234, 244 (Mo. Ct. App. 2011) (affirming dismissal where "the only factual statements in Castle Rock's pleadings were either not defamatory or true" and the Better Business Bureau's "C" rating of plaintiff "was opinion protected by the First Amendment").

Lastly, Concord's conclusory allegation that it "has been damaged by Defendants' malicious and intentional actions" (*Concord* Compl. ¶ 131) is insufficient to allege the element of damages. *See Camden Cnty. ex rel. Camden Cnty. Comm'n v. Lake of Ozarks Council of Local Gov'ts*, 282 S.W.3d 850, 861 (Mo. Ct. App. 2009) (holding that "something more than

a general conclusory allegation of loss" is required to state a claim).

###### C.   The *Quality* and *Ultimate* Plaintiffs fail to state a claim under New Jersey law.

Plaintiffs in *Quality* and *Ultimate* do not allege plausible facts supporting their claims for tortious interference with prospective economic advantage under New Jersey law. For Plaintiffs' claims to survive dismissal, they must allege *facts* sufficient to show (1) Plaintiffs had a continuing or prospective business relationship; (2) each Defendant knowingly and intentionally interfered with that relationship; (3) they did so with "malice"; and (4) the interference caused Plaintiffs damages. *See Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31, 37 (N.J. 1989)); *see also New Skies Satellites, B.V. v. Home2US Commc'ns, Inc.*, 9 F. Supp. 3d 459, 472 (D.N.J. 2014) (explaining that a complaint must contain more than a formulaic recitation of the elements of a tortious interference claim to survive a motion to dismiss).

As to the first element, Plaintiffs fail to meet the basic requirement under New Jersey law to do more than "merely suggest the possibility of lost business." *Advanced Oral Tech., L.L.C. v. Nutres Research, Inc.*, 2011 WL 198029, at *9 (D.N.J. Jan. 20, 2011). Rather, the plaintiff "must allege facts that show an existing or prospective economic or contractual relationship." *Id.* The "mere allegation of lost business does not suffice." *Id.* Indeed, the "claimed loss of . . . unknown customers" is not enough to avoid dismissal at the pleading stage. *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 494 (D.N.J. 1998) (quotation marks omitted); *see also Novartis Pharm. Corp. v. Bausch & Lomb, Inc.*, 2008 WL 4911868, at *7 (D.N.J. Nov. 13, 2008) ("At the pleading stage, [a plaintiff] must allege an injury that is more concrete than lost business of unknown, unsolicited, or hypothetical customers.").

Absent from Plaintiffs' Complaints are allegations detailing the identity of customers, whether those customers had an existing or contemplated relationship with Plaintiffs, the type

or extent of any interference with those relationships, or any actual resulting injury. The Complaints' vague, conclusory allegations that Defendants damaged Plaintiffs' "business relations" by conveying purported misrepresentations "to members of the public" (*Quality* Compl. ¶ 107; *Ultimate* Compl. ¶ 110), as opposed to specific customers, are insufficient. *See Novartis Pharm. Corp.*, 2008 WL 4911868, at *7 (dismissing claim where plaintiff "only allege[d] that [defendant] interfered with [plaintiff's] future ability to sell pharmaceutical products to an undefined and indefinite group, which [p]laintiff labels, 'the ophthalmic/retinal community'"); *Printing Mart-Morristown*, 563 A.2d at 37 (a "plaintiff must show that if there had been no interference[,] there was a reasonable probability that the victim of the interference would have received the anticipated economic benefits" (internal quotation marks omitted)). This failure also renders the Complaints inadequate as to the second element: Plaintiffs cannot plausibly allege that Defendants knew of or intended to interfere with an existing or contemplated relationship that Plaintiffs do not even identify.

As to the third element, Plaintiffs fail to allege the element of malice. "Malice is not used here in its literal sense to mean 'ill will;' rather, it means that harm was inflicted intentionally and without justification or excuse." *Lamorte Burns & Co. v. Walters*, 770 A.2d 1158, 1170 (N.J. 2001). "Reduced to its essence, the relevant inquiry is whether the conduct was sanctioned by the 'rules of the game.'" *Ideal Dairy Farms, Inc. v. Farmland Dairy Farms, Inc.*, 659 A.2d 904, 933 (N.J. App. Div. 1995).

Plaintiffs do not allege that Defendants violated the rules of the game. As explained in the introduction, Plaintiffs' list of example statements (*see Quality* Compl. ¶ 83; *Ultimate* Compl. ¶ 84) falls short of suggesting that all Defendants—or any particular Defendant—made any statement that was false or misleading. Defendants have ample justification for involving themselves in the process by which their insureds and claimants choose a repair shop, and "[t]here is nothing tortious about an insurance company truthfully informing its insureds of the

15

consequences of choosing one body shop for repairs over another." *See Auto. Alignment*, 953 F.3d at 733-34 (holding that plaintiffs failed to allege lack of justification to support the element of malice under Mississippi law where they did not allege that an insurer's statement was false or misleading). In addition, Plaintiffs do not allege the circumstances of any purported false statements with particularity, as required by Rule 9(b), *see* pp. 9-10, above.

As to the fourth element, Plaintiffs fail to allege facts showing causation or damages. "Causation is shown where there is proof that if there had been no interference there was a reasonable probability that the victim of the interference would have received the anticipated economic benefits." *Ideal Dairy Farms, Inc.*, 659 A.2d at 932 (internal quotation marks omitted). Plaintiffs' failure to identify *any* customers with whom *any* Defendant interfered is inexplicable given that Plaintiffs separately allege examples of statements made by unidentified Defendants. (*See Quality* Compl. ¶ 83; *Ultimate* Compl. ¶ 84.) If Plaintiffs had evidence of those statements, or were even merely aware of them, they would logically have known to whom they were made and by which Defendant. However, Plaintiffs do not identify any customers and do not attribute any statement to any Defendant. Plaintiffs thus do not plausibly allege that it was reasonably probable they would have realized an economic benefit if not for any interference. Moreover, Plaintiffs' conclusory allegations that they were "damaged" (*Quality* Compl. ¶ 109; *Ultimate* Compl. ¶ 112) by Defendants' unspecified conduct, relating to unspecified customers, in unspecified ways, is insufficient. *HV Assocs. LLC v. PNC Bank, N.A.*, 2018 WL 1243984, at *7 (D.N.J. Mar. 8, 2018) (dismissing tortious interference claim that merely alleged conclusion that plaintiffs suffered damages), *on reconsid.*, 2018 WL 2090690 (D.N.J. May 4, 2018).

**D.    The *Lee Pappas* Plaintiffs fail to state a claim under Virginia law.**

Under Virginia law, "[i]n order to plead a claim for tortious interference, a plaintiff must allege: (1) the existence of a business relationship or expectancy, with a probability of

future economic benefit to plaintiff; (2) the defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy; and (4) damage to plaintiff." *East West, LLC v. Rahman*, 873 F. Supp. 2d 721, 734 (E.D. Va. 2012). Furthermore, "when a contract is *terminable at will,* a plaintiff . . . must allege and prove not only an *intentional* interference that caused the termination of the at-will contract, but also that the defendant employed *improper* methods." *Duggin v. Adams*, 360 S.E.2d 832, 836 (Va. 1987) (internal quotation marks omitted). "Virginia caselaw" also "contain[s] a fifth, unstated element to the prima facie case: a competitive relationship between the party interfered with and the interferor." *See 17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 600-01 (E.D. Va. 2005) (collecting Virginia cases). Plaintiffs' claims fail on each of these distinct grounds

First, Plaintiffs have not identified any economic relationships between Plaintiffs and third parties that are sufficiently concrete and definite to serve as a basis for a tortious interference claim as a matter of law. In Virginia, a tortious interference claim "provide[s] a legal remedy where a particular party's *specific, existing* contract or business expectancy or opportunity has been interfered with in a tortious manner. Thus, the first element that a party . . . must prove is the existence of some specific contract or relationship." *Masco Contractor Servs. E., Inc. v. Beals*, 279 F. Supp. 2d 699, 709 (E.D. Va. 2003). "Failure to allege any specific, existing economic interest is fatal to the claim." *See id.* at 709-10 (dismissing tortious interference claim that did not identify the relationships with specific third parties and economic interests purportedly interfered with).

Accordingly, a plaintiff who claims to have lost business from "unnamed former and current clients . . . but fails to offer facts demonstrating a reasonably certain business expectancy with each customer" fails to allege facts "establishing any reasonably certain

expectancies lost as a result of [the defendant's] conduct." *Cox v. MAG Mut. Ins. Co.*, 2015 WL 1640513, at *5 (E.D. Va. Apr. 9, 2015) (granting motion to dismiss). For example, in *Taylor's Auto Body Shop, Inc. v. State Farm Mutual Automobile Insurance Co.*, 1993 WL 350179, at *1-2 (W.D. Va. Aug. 23, 1993), the court held that even allegations that customers had obtained repair estimates from an auto body shop or left their cars at the shop did not establish a "reasonably certain" expectancy.[4]

The Complaint here falls short even of the allegations found insufficient in *Taylor's*. Plaintiffs allege only that "Defendants . . . steered and attempted to steer customers away from the Plaintiff's [sic] business" (*Lee Pappas* Compl. ¶ 128), through statements made to unnamed, unquantified "insureds and/or claimants." (*See id.* ¶¶ 105.) Plaintiffs have not identified any prospective customer, let alone alleged facts plausibly supporting a reasonably certain business expectancy. Nor can Plaintiffs state a claim by alleging a vague, general expectation that unspecified "potential customers" (*id.* ¶ 129) might have decided to patronize Plaintiffs. Virginia law requires more. A plaintiff who alleges "merely a possibility that future economic benefit would accrue to it" fails to state a tortious interference claim. *E.g.*, *Williams v. Dominion Tech. Partners, L.L.C.*, 576 S.E.2d 752, 758 (Va. 2003) (citation omitted). Indeed, even if a plaintiff alleges that it did not receive new business from prior customers, "a plaintiff's belief and hope that a business relationship will continue is inadequate to sustain [a] cause of action." *Commercial Bus. Sys., Inc. v. Halifax Corp.*, 484 S.E.2d 892, 897 (Va. 1997); *see also CSX Transp., Inc. v. Norfolk S. Ry. Co.*, 2019 WL 4564564, at *15 (E.D. Va. Sept. 9, 2019) (explaining that "a plaintiff must demonstrate that a future economic benefit is objectively probable"). Plaintiffs here, *a fortiori*, must allege more than that unnamed members of the public took their cars elsewhere for repairs.

---

[4] While the decision in *Taylor's* was made on a motion for summary judgment, Virginia courts have repeatedly held that dismissal of a tortious interference claim is warranted where (as here) "the pleadings do not offer any allegation other than a mere hope or belief that future work would come." *Bowers v. City of Richmond*, 79 Va. Cir. 168, 2009 WL 7388864, at *2 (2009).

Second, because Plaintiffs failed to adequately plead even "the existence of some specific contract or relationship," *Masco*, 279 F. Supp. 2d at 709, they certainly failed to plausibly allege that Defendants knew of such a relationship. *East West, LLC*, 873 F. Supp. 2d at 734 (plaintiff must allege defendant's "knowledge of the relationship or expectancy"). The Complaint nowhere alleges, even in a vague or conclusory way, that any Defendant knew of a business relationship between Plaintiffs and any insured or other customer or potential customer.

Third, Plaintiffs do not allege that Defendants used "*improper* methods." *Duggin*, 360 S.E.2d at 836. This element is required where, as here, Plaintiffs allege they lost business from existing or potential customers who were not contractually bound to do business with the plaintiff. *See, e.g.*, *Zurich Am. Ins. Co. v. Turbyfill*, 2010 WL 4065527, at *3 (W.D. Va. Oct. 15, 2010) (insurance customers); *Peace v. Conway*, 435 S.E.2d 133, 135 (Va. 1993) (clients of hair replacement business). "Methods of interference considered improper are those means that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules," or that "violate an established standard of a trade or profession or involve unethical conduct." *Duggin*, 360 S.E.2d at 836-37. Plaintiffs do not allege any facts showing that any particular Defendant took any action that was illegal, independently tortious, or violated established norms. As explained in the introduction, Plaintiffs' list of example statements (*Lee Pappas* Compl. ¶ 130) does not suggest that all any Defendant made a false or misleading statement. In addition to this Rule 8 deficiency, Plaintiffs do not allege the circumstances of any purported false statements with particularity, as required by Rule 9(b), *see* pp. 9-10, above.

Fourth, in attempting to allege the necessary elements of causation and damages, Plaintiffs rely exclusively on the conclusory and insufficient recital that they were "damaged by the Defendants' malicious and intentional" supposed steering. (*Lee Pappas* Compl. ¶ 130.)

Plaintiffs fail to allege, however, any facts showing that any existing or potential customer failed to patronize Plaintiffs' shops as a result of actions taken by any Defendant.[5]

Finally, Plaintiffs' claim also fails because the complaint does not allege "a competitive relationship between" Plaintiffs and Defendants. *17th St. Assocs.*, 373 F. Supp. 2d at 600. Here, the complaint makes clear that Plaintiffs and Defendants are in entirely different industries: Plaintiffs are auto body shops and Defendants are insurance companies. Thus, Plaintiffs and Defendants are not competitors. *See Cox*, 2015 WL 1640513, at *5 (dismissing a claim by an insurance salesman against an insurance carrier because the agent and the carrier were not in competition with one another).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' tortious interference claims in these five actions be dismissed with prejudice.

---

[5] In *Automotive Alignment*, the Eleventh Circuit noted that the complaint there did not plausibly allege Defendants' purported "steering" caused the alleged decline in the plaintiffs' businesses, because plaintiffs did not allege any facts tending to "rule out 'obvious alternative explanation[s],'" for the alleged decline, such as "competition from other shops," "fluctuations in demand[,] and consumer choice." 953 F.3d at 729 (quoting *Twombly*, 550 U.S. at 567).

Dated: August 7, 2020                           Respectfully Submitted,

**Defendants in** *Campbell County Auto Body, Inc. v. State Farm Mutual Automobile Insurance Company, et al.* **(Kentucky) (Case No. 6:14-cv-06018):**

*/s/ Michael L. McCluggage*
Michael L. McCluggage
Daniel D. Birk
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
Email: mmccluggage@eimerstahl.com
Email: dbirk@eimerstahl.com

Michael P. Kenny
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: mike.kenny@alston.com

Johanna W. Clark
Florida Bar No. 196400
CARLTON FIELDS, P.A.
200 S. Orange Ave., Suite 1000
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Email: jclark@carltonfields.com

*Attorneys for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

*/s/ Michael E. Mumford*
Michael E. Mumford
Ernest E. Vargo
BAKER HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740
Email:  mmumford@bakerlaw.com
Email:  evargo@bakerlaw.com

*Counsel for Defendants Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company of America, State Automobile Mutual Insurance Company, State Auto Property and Casualty Insurance Company, Grange Mutual Casualty Company, and Grange Property & Casualty Insurance Company*

*/s/ Richard L. Fenton*
Richard L. Fenton
Jacqueline A. Giannini
DENTONS US LLP
233 S. Wacker Dr., Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
richard.fentons@dentons.com
jacqui.giannini@dentons.com

*Attorneys for Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company*

/s/ Michael R. Nelson
Michael R. Nelson
NELSON LAW, LLC
200 Park Avenue, Suite 1700
New York, NY 10166
Telephone: (212) 457-1668
Facsimile: (646) 766-9945
nelson@nelson.legal

/s/ Kymberly Kochis
Kymberly Kochis
EVERSHEDS SUTHERLAND (US) LLP
1114 Avenue of Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
kymkochis@eversheds-sutherland.com

*Attorneys for Progressive Advanced Insurance Company, Progressive Casualty Insurance Company, Progressive Direct Insurance Company, and Progressive Preferred Insurance Company*

/s/ Robert L. Steinmetz
Robert L. Steinmetz
GWIN STEINMETZ & BAIRD, PLLC
401 West Main Street, Suite 1000
Louisville, KY 40202
Telephone: (502) 618-5700
Facsimile: (502)-618-5701
Email: rsteinmetz@gsblegal.com

*Counsel for Defendant Safe Auto Insurance Company*

/s/ Michael H. Carpenter
Michael H. Carpenter
Michael N. Beekhuizen
David J. Barthel
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
Email: carpenter@carpenterlipps.com
Email: beekhuizen@carpenterlipps.com
Email: barthel@carpenterlipps.com

*Counsel for Defendants Nationwide Mutual Insurance Company, Nationwide Insurance Company of America, and Nationwide Affinity Insurance Company of America*

/s/ Dan W. Goldfine
Dan W. Goldfine
Joshua Grabel
Ian M. Fischer
Jamie L. Halavais
HUSCH BLACKWELL LLP
2415 East Camelback Road, Suite 420
Phoenix, AZ 85016
Telephone: (480) 824-7900
Facsimile: (480) 824-7905
Dan.Goldfine@huschblackwell.com
Josh.Grabel@huschblackwell.com
Ian.Fischer@huschblackwell.com
Jamie.Halavais@huschblackwell.com

*Counsel for Defendants GEICO General Insurance Company, GEICO Casualty Company, GEICO Indemnity Company, and Government Employees Insurance Company*

/s/ Timothy J. Rooney
Timothy J. Rooney
WINSTON & STRAWN, LLP
35 West Wacker Drive, Suite 4200
Chicago, IL 60601
Telephone: (312) 558-5972
Facsimile: (312) 558-5700
Email: trooney@winston.com

Laura E. Besvinick
STROOCK & STROOCK & LAVAN,
LLP
200 South Biscayne Blvd., Suite 3100
Miami, FL 33131-5323
Telephone: (305) 789-9395
Facsimile: (305) 789-9302
Email: lbesvinick@stroock.com
Michael E. Nitardy
FROST, BROWN, TODD, LLC –
FLORENCE
7310 Turfway Road, Suite 210
Florence, KY 41042
Telephone: (859) 817-5900
Facsimile: (859)-283-5902
Email: mnitardy@fbtlaw.com

*Counsel for Defendants The Travelers Home and Marine Insurance Company, Travelers Property Casualty Company of America, Travelers Casualty and Surety Company of America, Travelers Casualty Insurance Company of America, and The Travelers Indemnity Company of Connecticut*

/s/ Matthew C. Blickensderfer
Matthew C. Blickensderfer
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Telephone: (513) 651-6162
Facsimile: (513) 651-6981
Email: mblickensderfer@fbtlaw.com

*Counsel for Defendant The Cincinnati Insurance Company*

/s/ R. Bradley Best
R. Bradley Best
HOLCOMB DUNBAR WATTS BEST
MASTERS & GOLMON, PA
P.O. Drawer 707
400 Enterprise Drive
Oxford, MS 38655
Telephone: (662) 234-8775
Facsimile: (662) 238-7552
Email: bradbest@holcombdunbar.com

*Counsel for Defendants Shelter Mutual Insurance Company and Shelter General Insurance Company*

/s/ Hal K. Litchford
Hal K. Litchford (Fla. Bar No. 272485)
Kyle A. Diamantas (Fla. Bar No. 106916)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
SunTrust Center
200 South Orange Avenue
Post Office Box 1549
Orlando, FL 32802
Telephone: (407) 422-6600
Facsimile: (407) 841-0325
Email: hlitchford@bakerdonelson.com
Email: kdiamantas@bakerdonelson.com

Amelia W. Koch (admitted pro hac vice)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email: akoch@bakerdonelson.com
Email: sgriffith@bakerdonelson.com

*Counsel for Defendants United Services Automobile Association, USAA Casualty Insurance Company, and USAA General Indemnity Company*

/s/ Lori McAllister
Lori McAllister (P39501)
DYKEMA GOSSETT PLLC
201 Townsend, Suite 900
Lansing, MI  48933
(517) 374-9150
lmcallister@dykema.com

*Attorneys for Defendant Auto-Owners Insurance Company*

/s/ P. Bruce Converse
P. Bruce Converse
DICKINSON WRIGHT, PLLC
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004
602-285-5023

*Attorneys for Defendant Metropolitan Property and Casualty Insurance Company, Metropolitan Direct Property and Casualty Insurance Company, and Metropolitan Casualty Insurance Company*

**Defendants in *Concord Auto Body, Inc. v. State Farm Mutual Automobile Insurance Company, et al.* (Missouri) (Case No. 6:15-cv-06022):**

/s/ *Michael L. McCluggage*
Michael L. McCluggage
Daniel D. Birk
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
Email: mmccluggage@eimerstahl.com
Email: dbirk@eimerstahl.com

Michael P. Kenny
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: mike.kenny@alston.com

Johanna W. Clark
Florida Bar No. 196400
CARLTON FIELDS, P.A.
200 S. Orange Ave., Suite 1000
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Email: jclark@carltonfields.com

*Attorneys for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

/s/ *Richard L. Fenton*
Richard L. Fenton
Jacqueline A. Giannini
DENTONS US LLP
233 S. Wacker Dr., Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
richard.fentons@dentons.com
jacqui.giannini@dentons.com

*Attorneys for Allstate Fire and Casualty Insurance Company, Allstate Insurance Company, Allstate Property and Casualty Insurance Company, and Esurance Property & Casualty Insurance Company*

/s/ *Michael E. Mumford*
Michael E. Mumford
Ernest E. Vargo
BAKER HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: mmumford@bakerlaw.com
Email: evargo@bakerlaw.com

*Counsel for Defendants LM General Insurance Company, Liberty Mutual Fire Insurance Company, and Safeco Insurance Company of Illinois*

25

*/s/ Michael R. Nelson*
Michael R. Nelson
NELSON LAW, LLC
200 Park Avenue, Suite 1700
New York, NY 10166
Telephone: (212) 457-1668
Facsimile: (646) 766-9945
Email: nelson@nelson.legal

*/s/ Kymberly Kochis*
Kymberly Kochis
EVERSHEDS SUTHERLAND (US) LLP
1114 Avenue of Americas
The Grace Building, 40th Floor
New York, NY 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
Email: kymkochis@eversheds-suther-land.com

*Counsel for Defendants Progressive Di-rect Insurance Company, Progressive Ad-vanced Insurance Company, Progressive Preferred Insurance Company, Progres-sive Northwestern Insurance Company, and Progressive Casualty Insurance Com-pany*

*/s/ Michael H. Carpenter*
Michael H. Carpenter
Michael N. Beekhuizen
David J. Barthel
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
Email: carpenter@carpenterlipps.com
Email: beekhuizen@carpenterlipps.com
Email: barthel@carpenterlipps.com

*Counsel for Defendants Nationwide Insur-ance Company of America, Nationwide Af-finity Insurance Company of America, and Allied Property and Casualty Insurance Company*

*/s/ David L. Yohai*
David L. Yohai
John P. Mastando III
Eric S. Hochstadt
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: david.yohai@weil.com
Email: john.mastando@weil.com
Email: eric.hochstadt@weil.com

*Counsel for Defendants Farmers Insur-ance Company (correct name is Farmers Insurance Company, Inc.)*

/s/ Steven H. Schwartz
Steven H. Schwartz
Teresa M. Young
BROWN & JAMES, P.C.
800 Market Street, 11th floor
St. Louis, Missouri 63101
314.421.3400
Fax: 314.421.3128
sschwartz@bjpc.com
tyoung@bjpc.com

*Attorneys for Defendant Farm Bureau
Town & Country Ins. Co.*


/s/ R. Bradley Best
R. Bradley Best
HOLCOMB DUNBAR WATTS BEST
MASTERS & GOLMON, PA
P.O. Drawer 707
400 Enterprise Drive
Oxford, MS 38655
Telephone: (662) 234-8775
Facsimile: (662) 238-7552
Email: bradbest@holcombdunbar.com

*Counsel for Defendant Shelter Mutual In-
surance Company*

/s/ Hal K. Litchford
Hal K. Litchford (Fla. Bar No. 272485)
Kyle A. Diamantas (Fla. Bar No. 106916)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
SunTrust Center
200 South Orange Avenue
Post Office Box 1549
Orlando, FL 32802
Telephone: (407) 422-6600
Facsimile: (407) 841-0325
Email: hlitchford@bakerdonelson.com
Email: kdiamantas@bakerdonelson.com

Amelia W. Koch *(admitted pro hac vice)*
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email: akoch@bakerdonelson.com
Email: sgriffith@bakerdonelson.com

*Counsel for Defendants United Services
Automobile Association, USAA Casualty
Insurance Company, and USAA General
Indemnity Company*


/s/ Robert L. Steinmetz
Robert L. Steinmetz
GWIN STEINMETZ & BAIRD, PLLC
401 West Main Street, Suite 1000
Louisville, KY 40202
Telephone: (502) 618-5700
Facsimile: (502)-618-5701
Email: rsteinmetz@gsblegal.com
*Counsel for Defendant Safe Auto Insur-
ance Company*

/s/ Michael S. McCarthy
Michael S. McCarthy
FAEGRE DRINKER BIDDLE & REATH
LLP
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3703
Facsimile: (303) 607-3600
michael.mccarthy@faegredrinker.com

Sarah C. Jenkins
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Sarah.jenkins@faegredrinker.com

*Counsel for Defendants American Family Mutual Insurance Company and American Standard Insurance Company of Wisconsin*

/s/ Dan W. Goldfine
Dan W. Goldfine
Joshua Grabel
Ian M. Fischer
Jamie L. Halavais
HUSCH BLACKWELL LLP
2415 East Camelback Road, Suite 420
Phoenix, AZ 85016
Telephone: (480) 824-7900
Facsimile: (480) 824-7905
Dan.Goldfine@huschblackwell.com
Josh.Grabel@huschblackwell.com
Ian.Fischer@huschblackwell.com
Jamie.Halavais@huschblackwell.com

*Counsel for Defendants GEICO General Insurance Company, GEICO Casualty Company, GEICO Indemnity Company, and Government Employees Insurance Company*

**Defendants in** *Quality Auto Painting Center of Roselle, Inc. v. State Farm Indemnity Company, et al.* **(New Jersey) (Case No. 6:14-cv-06012) and** *Ultimate Collision Repair, Inc. v. State Farm Indemnity Company, et al.* **(New Jersey) (Case No. 6:14-cv-06013):**

*/s/ Michael L. McCluggage*
Michael L. McCluggage
Daniel D. Birk
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
Email: mmccluggage@eimerstahl.com
Email: dbirk@eimerstahl.com

Michael P. Kenny
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: mike.kenny@alston.com

Johanna W. Clark
Florida Bar No. 196400
CARLTON FIELDS, P.A.
200 S. Orange Ave., Suite 1000
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Email: jclark@carltonfields.com

*Attorneys for Defendants State Farm Indemnity Company and State Farm Guaranty Insurance Company*

*/s/ Michael R. Nelson*
Michael R. Nelson
NELSON LAW, LLC
200 Park Avenue, Suite 1700
New York, NY 10166
Telephone: (212) 457-1668
Facsimile: (646) 766-9945
Email: nelson@nelson.legal

*/s/ Kymberly Kochis*
Kymberly Kochis
EVERSHEDS SUTHERLAND (US) LLP
1114 Avenue of Americas
The Grace Building, 40th Floor
New York, NY 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
Email: kymkochis@eversheds-sutherland.com

*Counsel for Defendants Progressive Freedom Insurance Company and Progressive Garden State Insurance Company*

*/s/ Richard L. Fenton*
Richard L. Fenton
Jacqueline A. Giannini
DENTONS US LLP
233 S. Wacker Dr., Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
richard.fentons@dentons.com
jacqui.giannini@dentons.com
*Attorneys for Allstate New Jersey Insurance Company and Allstate New Jersey Property and Casualty Insurance Company*

*/s/ Michael E. Mumford*
Michael E. Mumford
Ernest E. Vargo
BAKER HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: mmumford@bakerlaw.com
Email: evargo@bakerlaw.com

*Counsel for Defendants LM Insurance Corporation, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation and Liberty Mutual Mid-Atlantic Insurance Company*


*/s/ Michael H. Carpenter*
Michael H. Carpenter
Michael N. Beekhuizen
David J. Barthel
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
Email: carpenter@carpenterlipps.com
Email: beekhuizen@carpenterlipps.com
Email: barthel@carpenterlipps.com

*Counsel for Defendant Nationwide Mutual Insurance Company*

*/s/ Hal K. Litchford*
Hal K. Litchford (Fla. Bar No. 272485)
Kyle A. Diamantas (Fla. Bar No. 106916)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
SunTrust Center
200 South Orange Avenue
Post Office Box 1549
Orlando, FL 32802
Telephone: (407) 422-6600
Facsimile: (407) 841-0325
Email: hlitchford@bakerdonelson.com
Email: kdiamantas@bakerdonelson.com

Amelia W. Koch (admitted pro hac vice)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email: akoch@bakerdonelson.com
Email: sgriffith@bakerdonelson.com

*Counsel for Defendants United Services Automobile Association, USAA Casualty Insurance Company, and USAA General Indemnity Company*

/s/ Thomas G. Rohback
Thomas G. Rohback
Drew A. Hillier
AXINN, VELTROP & HARKRIDER
LLP
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8100
Facsimile: (860) 275-8101
Email: trohback@axinn.com
Email: dhillier@axinn.com

*Counsel for Defendants Hartford Insurance Company of the Midwest, Hartford Underwriters Insurance Company and Hartford Fire Insurance Company*

/s/ David L. Yohai
David L. Yohai
John P. Mastando III
Eric S. Hochstadt
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: david.yohai@weil.com
Email: john.mastando@weil.com
Email: eric.hochstadt@weil.com

*Counsel for Defendants 21st Century Centennial Insurance Company, 21st Century Assurance Company, and 21st Century Pinnacle Insurance Company*

/s/ Dan W. Goldfine
Dan W. Goldfine
Joshua Grabel
Ian M. Fischer
Jamie L. Halavais
HUSCH BLACKWELL LLP
2415 East Camelback Road, Suite 420
Phoenix, AZ 85016
Telephone: (480) 824-7900
Facsimile: (480) 824-7905
Dan.Goldfine@huschblackwell.com
Josh.Grabel@huschblackwell.com
Ian.Fischer@huschblackwell.com
Jamie.Halavais@huschblackwell.com

*Counsel for Defendants GEICO Casualty Company, GEICO Indemnity Company and Government Employees Insurance Company*

/s/ Seth A. Schmeeckle
Seth A. Schmeeckle, Trial Counsel
Louisiana Bar No. 27076
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD, A LAW CORP.
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: sschmeeckle@lawla.com

*Counsel for Defendant The Hanover Insurance Company*

**Defendants in *Lee Pappas Body Shop, Inc., et al., v. State Farm Mutual Automobile Insurance Company, et al.* (Virginia) (Case No. 6:14-cv-06019):**

*/s/ Michael L. McCluggage*
Michael L. McCluggage
Daniel D. Birk
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
Email: mmccluggage@eimerstahl.com
Email: dbirk@eimerstahl.com

Michael P. Kenny
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: mike.kenny@alston.com

Johanna W. Clark
Florida Bar No. 196400
CARLTON FIELDS, P.A.
200 S. Orange Ave., Suite 1000
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Email: jclark@carltonfields.com

*Attorneys for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

*/s/ Richard L. Fenton*
Richard L. Fenton
Jacqueline A. Giannini
DENTONS US LLP
233 S. Wacker Dr., Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
richard.fentons@dentons.com
jacqui.giannini@dentons.com

*Attorneys for Allstate Property and Casualty Insurance Company, Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Esurance Insurance Company, and Esurance Property and Casualty Insurance Company*

*/s/ Michael E. Mumford*
Michael E. Mumford
Ernest E. Vargo
BAKER HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: mmumford@bakerlaw.com
Email: evargo@bakerlaw.com

*Counsel for Defendants LM General Insurance Company, LM Insurance Corporation, and General Insurance Company of America*

/s/ Michael H. Carpenter
Michael H. Carpenter
Michael N. Beekhuizen
David J. Barthel
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
Email: carpenter@carpenterlipps.com
Email: beekhuizen@carpenterlipps.com
Email: barthel@carpenterlipps.com

*Counsel for Defendants Nationwide Property and Casualty Insurance Company, Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide General Insurance Company, and Harleysville Preferred Insurance Company*

/s/ Thomas G. Rohback
Thomas G. Rohback
Drew A. Hillier
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8100
Facsimile: (860) 275-8101
Email: trohback@axinn.com
Email: dhillier@axinn.com

*Counsel for Defendant Property and Casualty Insurance Company of Hartford*

/s/ Anderson T. Bailey
Anderson T. Bailey
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: atbailey@onesday.com

*Counsel for Defendant Erie Insurance Exchange*

/s/ Timothy J. Rooney
Timothy J. Rooney
WINSTON & STRAWN, LLP
35 West Wacker Drive, Suite 4200
Chicago, IL 60601
Telephone: (312) 558-5972
Facsimile: (312) 558-5700
Email: trooney@winston.com

Laura E. Besvinick
Stroock & Stroock & Lavan, LLP
200 South Biscayne Blvd., Suite 3100
Miami, FL 33131-5323
Telephone: (305) 789-9395
Facsimile: (305) 789-9302
Email: lbesvinick@stroock.com

*Counsel for Defendants The Travelers Home and Marine Insurance Company, Travelers Property Casualty Insurance Company, Travelers Property Casualty Company of America, Travco Insurance Company, and Travelers Commercial Insurance Company*

/s/ Michael B. de Leeuw
Michael B. de Leeuw
John J. Sullivan
COZEN O'CONNOR
45 Broadway, Suite 1600
New York, NY 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492
Email: MdeLeeuw@cozen.com
Email: JSullivan@cozen.com

*Counsel for Defendant AIG Property Casualty Insurance Company*

/s/ Dan W. Goldfine
Dan W. Goldfine
Joshua Grabel
Ian M. Fischer
Jamie L. Halavais
HUSCH BLACKWELL LLP
2415 East Camelback Road, Suite 420
Phoenix, AZ 85016
Telephone: (480) 824-7900
Facsimile: (480) 824-7905
Dan.Goldfine@huschblackwell.com
Josh.Grabel@huschblackwell.com
Ian.Fischer@huschblackwell.com
Jamie.Halavais@huschblackwell.com

*Counsel for Defendants GEICO General Insurance Company, GEICO Casualty Company, GEICO Indemnity Company, Government Employees Insurance Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, and GEICO Secure Insurance Company*

/s/ Hal K. Litchford
Hal K. Litchford (Fla. Bar No. 272485)
Kyle A. Diamantas (Fla. Bar No. 106916)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
SunTrust Center
200 South Orange Avenue
Post Office Box 1549
Orlando, FL 32802
Telephone: (407) 422-6600
Facsimile: (407) 841-0325
Email: hlitchford@bakerdonelson.com
Email: kdiamantas@bakerdonelson.com

Amelia W. Koch (admitted pro hac vice)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email: akoch@bakerdonelson.com
Email: sgriffith@bakerdonelson.com

*Counsel for Defendants United Services Automobile Association, USAA Casualty Insurance Company, and USAA General Indemnity Company*

/s/ E.K. Cottrell
E.K. Cottrell
Florida Bar No. 0013579
SMITH, GAMBRELL & RUSSELL LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: (904) 598-6100
Facsimile: (904) 598-6300
Email: ecottrell@sgrlaw.com

*Counsel for Defendant Dairyland Insurance Company*

34

/s/ Robert L. Steinmetz
Robert L. Steinmetz
GWIN STEINMETZ & BAIRD, PLLC
401 West Main Street, Suite 1000
Louisville, KY 40202
Telephone: (502) 618-5700
Facsimile: (502)-618-5701
Email: rsteinmetz@gsblegal.com

Counsel for Defendant Safe Auto Insurance Company

/s/ Thomas A. French
Thomas A. French
Attorney I.D. No. PA 39305
BARLEY SNYDER LLP
213 Market Street, 12th Floor
Harrisburg, PA 17101
Telephone: (717) 231-6625
Facsimile: (717) 344-5373
Email: tfrench@barley.com

Counsel for Defendant Donegal Mutual Insurance Company

/s/ Turner A. Broughton
Turner A. Broughton (VSB No. 42627)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6000
Facsimile:(804) 420-6507
Email: tbroughton@williamsmullen.com

Counsel for Defendant Elephant Insurance Services, Inc.

/s/ Elizabeth S. Skilling
Elizabeth S. Skilling
HARMAN CLAYTOR CORRIGAN & WELLMAN
P.O. Box 70280
Richmond, VA 23255
Telephone: (804) 762-8016
Facsimile: (804) 747-6085
Email: eskilling@hccw.com

Counsel for Defendants Alfa Specialty Insurance Company and Alfa Vision Insurance Corporation

/s/ David L. Yohai
David L. Yohai
John P. Mastando III
Eric S. Hochstadt
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: david.yohai@weil.com
Email: john.mastando@weil.com
Email: eric.hochstadt@weil.com

Counsel for Defendants 21st Century Centennial Insurance Company and 21st Century Assurance Company