UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AUTO BODY SHOP ANTITRUST LITIGATION　　　　MDL No. 2557

REMAND ORDER

**Before the Panel**:[*]  Certain defendants in the five actions listed on Schedule A move under Panel Rule 10.2 to vacate the Panel's order conditionally remanding these actions to their respective transferor courts.[1]  Defendants represent that plaintiffs support retaining these actions in the MDL

---

[*]　　　Judge David C. Norton took no part in the decision of this matter.

[1]　　　Moving defendants are GEICO General Insurance Company; GEICO Casualty Company; GEICO Indemnity Company; Government Employees Insurance Company; GEICO Advantage Insurance Company; GEICO Choice Insurance Company; GEICO Secure Insurance Company; Allstate Fire and Casualty Insurance Company; Allstate Indemnity Company; Allstate Insurance Company; Allstate Property and Casualty Insurance Company; Esurance Property & Casualty Insurance Company; Esurance Insurance Company; Allstate New Jersey Insurance Company; Allstate New Jersey Property and Casualty Insurance Company; Allstate New Jersey Insurance Company; Allstate New Jersey Property and Casualty Insurance Company; Virginia Farm Bureau; Town and Country Insurance Company; The Hanover Insurance Company; Dairyland Insurance Company; Metropolitan Property and Casualty Insurance Company; Metropolitan Direct Property and Casualty Insurance Company; Metropolitan Casualty Insurance Company; Travelers Home and Marine Insurance Company; Travelers Property Casualty Company of America; Travelers Casualty and Surety Company of America; Travelers Casualty Insurance Company of America; The Travelers Indemnity Company of Connecticut; Travco Insurance Company; Travelers Commercial Insurance Company; Travelers Property Casualty Insurance Company; State Farm Mutual Automobile Insurance Company; State Farm Fire and Casualty Company; State Farm Indemnity Company; State Farm Guaranty Insurance Company; Erie Insurance Exchange; Safe Auto Insurance Company; 21st Century Centennial Insurance Company; 21st Century Assurance Company; 21st Century Pinnacle Insurance Company; Farmers Insurance Company, Inc.; AIG Property Casualty Company; Donegal Mutual Insurance Company; Shelter General Insurance Company; Nationwide Mutual Insurance Company; Nationwide Affinity Insurance Company of America; Nationwide Insurance Company of America; Nationwide Property and Casualty Insurance Company; Nationwide General Insurance Company; Nationwide Mutual Fire Insurance Company; Allied Property and Casualty Insurance Company; Harleysville Preferred Insurance Company; Auto-Owners Insurance Company; USAA Casualty Insurance Company; USAA General Indemnity Company; United Services Automobile Association; Liberty Mutual Insurance Company; Liberty Mutual Fire Insurance Company; Safeco Insurance Company of America; Safeco Insurance

(continued...)

-2-

for adjudication of the remaining state law claims. Plaintiffs did not respond to the motion to vacate.

After considering the argument of counsel, the Panel finds that remand of these actions under 28 U.S.C. § 1407 is warranted. As an initial matter, "[i]n considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).

In his suggestion of remand, the transferee judge, the Honorable Gregory A. Presnell, explained that Section 1407 remand is warranted by the dismissal of the vast majority of the claims in this MDL, the conclusion of the appellate proceedings, and his views on the appropriate path for resolving the few remaining state law tortious interference claims in the five actions on Schedule A. Specifically, he stated:

> These five cases, among others, were transferred to me for consolidated pretrial proceedings. Ultimately, the Complaints were dismissed and Plaintiffs appealed to the Eleventh Circuit Court of Appeals. On March 4, 2019, the *en banc* court affirmed the dismissal of the federal antitrust claims and all the state law claims, except the tortious interference claims. *Quality Auto Painting Center v. State Farm*, 917 F.3d 1249 (11th Cir. 2019) (en banc). In its opinion, the circuit court noted that its reversal of the tortious interference claims related only to the district court's group pleading rationale, leaving open the question whether the Complaints were subject to a 12(b)(6) dismissal for failure to state a viable claim. The circuit court also noted that, because the federal antitrust claims have been eliminated, the district court may well decide to exercise its discretion to decline to exercise pendent jurisdiction over the tortious interference claims pursuant to 28 U.S.C. § 1367. *Id.* at 1276.
>
> These cases are among 27 cases that have been actively litigated before me over the past six years. The cases are still at the pleading stage and now involve only

---

[1](...continued)
Company of Illinois; Liberty Mutual Mid-Atlantic Insurance Company; LM Insurance Corporation; LM General Insurance Company; Liberty Insurance Corporation; General Insurance Company of America; State Automobile Mutual Insurance Company; State Auto Property and Casualty Insurance Company; Grange Mutual Casualty Company; Grange Property & Casualty Insurance Company; Progressive Freedom Insurance Company; Progressive Garden State Insurance Company; Progressive Advanced Insurance Company; Progressive Casualty Insurance Company; Progressive Direct Insurance Company; Progressive Preferred Insurance Company; Progressive Northwestern Insurance Company; Alfa Vision Insurance Corporation; Alfa Specialty Insurance Corporation; American Family Mutual Insurance Company; American Standard Insurance Company of Wisconsin; Cincinnati Insurance Company; and Elephant Insurance Services, Inc.

-3-

> state law tortious interference claims. No discovery has commenced and the parties are in the process of briefing the tortious interference claims. *See* Order, 6:14-md-2557-Orl-31 EJK, Doc. 350. If left to my discretion, I would decline to exercise pendent jurisdiction over these claims. However, this is a decision best left to the respective transferor courts. Accordingly, I suggest that the panel remand these cases.

*See Quality Auto Painting Center of Roselle, Inc. v. State Farm Indemnity Co.,* No. 14-06012, Am. Suggestion of Remand at 2 (M.D. Fla. Aug. 17, 2020).

In opposing remand, defendants assert that (1) the actions commonly allege that defendants repeatedly steered their insureds away from the auto body shop plaintiffs, including through a campaign of misrepresentations, to punish plaintiffs for their refusals to submit to the insurers' alleged price ceilings; (2) many defendants are common to the five actions; (3) remand will result in duplicative work for the parties and the four transferor districts; (4) resolution of the pending motions to dismiss would benefit from the transferee judge's expertise in this MDL; and (5) in the event the motions to dismiss are denied, the actions likely would benefit from common discovery. Undoubtedly, these actions present overlapping factual allegations concerning the common defendants' alleged steering practices. We understand defendants' preference for litigating the remaining tortious interference claims in a single forum. However, the transferee judge plainly understood the nature and status of these claims when he suggested remand. The appeals have concluded; there are no further pretrial proceedings to be had on the antitrust claims, which were at the core of this MDL;[2] discovery has not commenced; and new briefing on defendants' motions to dismiss the tortious interference claims has been submitted. We decline to second-guess the transferee judge's considered determination that remand of these five actions at this time is appropriate.

Moreover, since the issuance of the suggestion of remand, the court has dismissed or remanded under Section 1407 all other actions in the MDL. In other words, as a result of the appeals and post-remand proceedings, all that presently remains of this MDL are the tortious interference claims in the five actions before the Panel. The Panel repeatedly has emphasized that "[w]hether Section 1407 remand is appropriate for an action in any particular multidistrict docket is based upon the totality of circumstances involved in that docket." *See, e.g., In re Columbia/HCA Healthcare Corp. Qui Tam Litig. (No. II)*, 560 F. Supp. 2d 1349, 1350 (J.P.M.L. 2008); *In re Brand-Name Prescription Drugs Antitrust Litig.*, 170 F. Supp. 2d 1350, 1352 (J.P.M.L. 2001). Here, considering

---

[2] *See In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390-91 (J.P.M.L. 2014) (centralizing actions based on "common factual questions relating to the allegation of an industry-wide conspiracy spearheaded by State Farm to suppress the reimbursement rates applicable to automobile collision repair shops, including complex issues concerning the role of 'direct repair programs' [DRPs] in furtherance of the alleged scheme" and emphasizing the common factual allegations concerning the alleged "complex anticompetitive conspiracy" in rejecting objections concerning state-specific issues) (footnote omitted).

-4-

the totality of the circumstances, we conclude that the transferee court reasonably concluded that remand of the remaining actions is warranted.[3]

    IT IS THEREFORE ORDERED that the actions listed on Schedule A are remanded to their respective transferor courts.

PANEL ON MULTIDISTRICT LITIGATION

 

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | Roger T. Benitez |
| Dale A. Kimball | |

---

[3]     To the extent that coordination among the remanded actions is appropriate, we encourage the parties to employ various cooperative efforts which may minimize the risk of duplicative pretrial proceedings on remand. *See In re Regions Morgan Keegan Secs., Derivative and Employee Ret. Income Security Act (ERISA) Litig.*, MDL No. 2009, Remand Order at 2 (J.P.M.L. June 7, 2013).

**IN RE: AUTO BODY SHOP ANTITRUST LITIGATION**  MDL No. 2557

**SCHEDULE A**

<u>Middle District of Florida</u>

QUALITY AUTO PAINTING CENTER OF ROSELLE, INC. v. STATE FARM
 INDEMNITY COMPANY, ET AL., C.A. No. 6:14-06012
 (District of New Jersey, C.A. No. 2:14-07002)

ULTIMATE COLLISION REPAIR, INC. v. STATE FARM INDEMNITY
 COMPANY, ET AL., C.A. No. 6:14-06013
 (District of New Jersey, C.A. No. 2:14-07003)

CAMPBELL COUNTY AUTO BODY, INC. v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, ET AL., C.A. No. 6:14-06018
 (Eastern District of Kentucky, C.A. No. 2:14-00189)

LEE PAPPAS BODY SHOP, INC., ET AL. v. STATE FARM MUTUAL
 AUTOMOBILE INSURANCE COMPANY, ET AL., C.A. No. 6:14-06019
 (Eastern District of Virginia, C.A. No. 3:14-00764)

CONCORD AUTO BODY, INC. v. STATE FARM MUTUAL AUTOMOBILE
 INSURANCE COMPANY, ET AL., C.A. No. 6:15-06022
 (Eastern District of Missouri, C.A. No. 4:14-01857)